Argued April 13, appeal dismissed May 18, 1926.

## A. COHN *v.* STATE TAX COMMISSION.

(245 Pac. 1085.)

**Taxation—Appeal of Tax Commission from Proceeding to Review Its Action in Refusing to Allow Certain Deduction in Income Tax Return will be Dismissed of Court's Own Motion (Laws 1925, p. 632, §§ 30, 31).**

1. Supreme Court will of its own motion dismiss appeal of tax commission in proceeding under Laws of 1925, page 632, Sections 30 and 31, to review appellant's action in refusing to allow certain deduction in income tax rates, since such appeal is not provided for; provision for review in court below not being sufficient to authorize it.

Appeal and Error.
2.  Appeals are not allowed as matter of right, but only in pursuance of, and to extent provided by, statute.

Appeal and Error, 3 C. J., p. 316, n. 43; 4 C. J., p. 589, n. 12, p. 590, n. 15.
Taxation, 37 Cyc., p. 1111, n. 75.

From Multnomah: Robert Tucker, Judge.

Department 1.

APPEAL DISMISSED.

For appellant, there was a brief over the name of *Mr. I. H. Van Winkle,* Attorney General, with an oral argument by *Mr. Miles H. McKey,* Assistant Attorney General.

For respondent there was a brief and oral argument by *Mr. Charles S. Cohn.*

BURNETT, J.—The plaintiff made his individual income tax return for the year 1923, in which he deducted $20,000 which he paid during that year on some notes which he had given in the preceding year in settlement of an action brought against him to recover damages.  The defendant Tax Commission refused to allow the deduction and levied upon him an additional tax.   He seeks to recover this with interest.

Having applied to the Commission for a revision, which was denied, he has brought this proceeding under Sections 30 and 31 of Chapter 316 of the General Laws of Oregon for 1925, reading thus:

"Section 30.  A taxpayer may apply to the tax commission for revision of the tax assessed against him at any time within one year from the time of the filing of the return or from the date of the notice of the assessment of any additional tax.   The

2.  See 2 R. C. L. 28.

tax commission shall grant a hearing thereon and if, upon such hearing, it shall determine that the tax is excessive or incorrect, it shall resettle the same according to the law and facts and adjust the computation of the tax accordingly. The tax commission shall notify the taxpayer of its determination and shall refund to the taxpayer the amount, if any, paid in excess of the tax found by it to be due. If the taxpayer has failed, without good cause, to file a return within the time prescribed by law, or has filed a fraudulent return or, having filed an incorrect return, has failed, after notice, to file a proper return, the tax commission shall not reduce the tax below the amount for which the taxpayer is found to be properly assessed.''

''Section 31. The determination of the tax commission upon application made by a taxpayer for revision of any tax may be reviewed in any court of competent jurisdiction by a complaint filed by the taxpayer against the tax commission in the county in which the taxpayer resides or has his principal place of business, within thirty days after notice by the tax commission of its determination, given as provided in section 30 of this act. Thereupon appropriate proceedings shall be had and the relief, if any, to which the taxpayer may be found entitled may be granted and any taxes, interest or penalties paid, found by the court to be in excess of those legally assessed, shall be ordered refunded to the taxpayer, with interest from the time of payment.''

Dissatisfied with the decision of the Circuit Court in favor of the plaintiff on his motion for judgment on the pleadings, the Commission has appealed.

1. The scheme for levying a tax on income, as embodied in the statute under consideration, is complete within itself. The only provision for questioning the determination of the Tax Commission is prescribed in Section 31, to the effect that it may

be "reviewed in any court of competent jurisdiction by a complaint." There is no provision for an appeal. As said by Mr. Justice Bean in *Portland* v. *White,* 106 Or. 169 (211 Pac. 798),—

"Where a statute or a charter gives the right of appeal to the Circuit Court, the Supreme Court does not by virtue of the provisions of the Constitution thereby become clothed with authority to review the judgment thereof by way of appeal."

2. Appeals are not allowed as a matter of right but only in pursuance of and to the extent as provided by statute. As quoted by Mr. Justice Brown in *Dippold* v. *Cathlamet Timber Co.,* 98 Or. 183 (193 Pac. 909) Mr. Chief Justice Fuller, of the Supreme Court of the United States, said that:

"The fundamental question of jurisdiction, first of the appellate court, and then of the court from which the record comes, presents itself on every writ of error and appeal, and must be answered by the court, whether propounded by counsel or not: *Defiance Water Co.* v. *Defiance,* 191 U. S. 184 (48 L. Ed. 140, 24 Sup. Ct. Rep. 63, see, also, Rose's U. S. Notes). Jurisdiction is given by law: *Clyde & R. Plank Road Co.* v. *Parker,* 22 Barb. (N. Y.) 323."

In *State ex rel.* v. *Simpson,* 69 Or. 93 (137 Pac. 750, 138 Pac. 467), this court dismissed an appeal in a nonappealable case on its own motion. See, also, *City of Portland* v. *Nottingham,* 58 Or. 1 (113 Pac. 28); *Smith Securities Co.* v. *Multnomah County,* 98 Or. 418 (192 Pac. 654, 194 Pac. 428); *Tazwell* v. *Davis,* 64 Or. 325 (130 Pac. 400); *Foster* v. *Myers,* 59 Or. 549 (117 Pac. 806); *Allen* v. *Levens,* 101 Or. 466 (198 Pac. 907, 199 Pac. 595); *Smith* v. *State Industrial Acc. Com.,* 104 Or. 640 (208 Pac. 746); *State ex rel.* v. *Yates,* 104 Or. 667 (209 Pac. 231).

No right of appeal having been awarded in this special statute for the collection of taxes on incomes, this court has no jurisdiction to proceed and of its own motion should dismiss the appeal. It is so ordered.                    MOTION ALLOWED.

McBRIDE, C. J., and RAND and COSHOW, JJ., concur.