Argued September 17, affirmed November 21, 1969

# MAYES, *Appellant, v.* STATE COMPENSA-
# TION DEPARTMENT, *Respondent.*

461 P. 2d 841

*Berkeley Lent* and *Edwin A. York,* Portland, argued the cause for appellant. On the brief were Lent, York, Paulson & Bullock, and Charles Paulson, Portland.

*Gerald C. Knapp,* Assistant Attorney General, Portland, argued the cause for respondent. With him on the brief were Robert Y. Thornton, Attorney General, and Wallace Carpenter, Assistant Attorney General and Chief Counsel State Compensation Department, Salem.

Before Schwab, Chief Judge, and Langtry, Foley and Fort, Judges.

FORT, J.

This case presents the difficult question of whether a heart attack sustained by a workman arose out of and in the course of his employment. ORS 656.002(6).

The Supreme Court has had occasion to consider this problem in four recent cases: *Clayton v. Compensation Dept.,* 253 Or 397, 454 P2d 628 (1969); *Coday v. Willamette Tug & Barge,* 250 Or 39, 440 P2d 224 (1968); *Grandell v. Roseburg Lbr. Co.,* 251 Or 88, 444 P2d 944 (1968); *Olson v. State Ind. Acc. Com.,* 222 Or 407, 352 P2d 1096 (1960).

From these decisions we conclude that the rules which govern this class of case are the following:

■ (1) The statute requires a *de novo* judicial review by this court upon the record forwarded by the Workmen's Compensation Board as supplemented by

the record of any "additional evidence concerning disability that was not obtainable at the time of the hearing" (ORS 656.298 (6)) taken before the circuit court.

■ (2) This court must draw its own inferences from the evidence appearing in the record.

■ (3) The trier of fact must first consider whether or not the record establishes the existence of legal causation.

■ (4) If it finds legal causation is established, then it must decide whether there is medical causation.

■ (5) In sustaining his burden of proof, claimant can establish legal causation simply by proof that he was exerting himself in a usual or normal way in the performance of his job. He is not required to show that he exerted unusual strain or effort.

■■ Thus, normal exertion or stress in the performance of the work can itself be a legally causative factor in heart attack cases. In any given case this is a question of fact.

■ (6) It must then be determined whether the work-related stresses or exertion were a material contributing factor in producing the heart attack. This is a question of medical causation. In any given case this is a question of fact.

■ (7) The existence of the necessary medical causation can be found where medical science finds a probable causal relationship for the general group of heart conditions of which the claimant's case is one.

■ (8) Where medical science has found a probable causal relationship for the general group of which claimant's case has been demonstrated to be one, probable legal cause is established for the particular case then being litigated.

In conformity with the rules and procedures set forth above, we have reviewed the entire transcript and record.

In the present case the claim of the workman was first heard and considered by the hearing officer. It was then reviewed by the Workmen's Compensation Board on the record made before the hearing officer. Thereafter it was heard *de novo* by the circuit court upon the record made before the hearing officer. No additional evidence was taken in the circuit court. In each of the three proceedings the workman's claim was denied upon the ground that it was not established that any work activity of the claimant was a material contributing cause of the myocardial infarction sustained by him.[1]

■ We believe a detailed recitation of the facts will add only length to this opinion. We, too, have concluded that Mayes has not established by a preponderance of the evidence that his work activity was "a material contributing factor in producing his heart attack." *Grandell v. Roseburg Lbr. Co.*, supra.

The judgment is affirmed.

---

[1] We note the decision by the Workmen's Compensation Board was by a vote of 2 to 1.