Argued November 17, 1969, reversed January 15, petition
for rehearing allowed March 24, argued on rehearing
April 28, former opinion modified June 11, 1970

BEAGLE, *Respondent and Cross-Appellant, v.*
RUDIE WILHELM WAREHOUSE
COMPANY, *Appellant and Cross-*
*Respondent.*

463 P2d 875
470 P2d 386

*Walter H. Sweek,* Portland, argued the cause for appellant and cross-respondent. With him on the briefs were Vergeer, Samuels, Roehr & Sweek, Portland.

*Raymond J. Conboy,* Portland, argued the cause for respondent and cross-appellant. With him on the brief were Pozzi, Wilson & Atchison, and Richard P. Noble, Portland.

FORT, J.

This appeal and cross-appeal from an award of compensation presents two questions. The first, raised by appellant employer only, is a challenge to the method used in the circuit court in the admission of evidence under ORS 656.298(6), and the second, raised by both parties, challenges the disability award made by the court, by the Hearing Officer, and by the Board.

Claimant had sought an award for permanent total disability which was denied by both the Hearing Officer and the Workmen's Compensation Board. Each had made an award for permanent partial disability. The case came on regularly for review in the circuit court pursuant to the appeal of the claimant from the Board's order.

Appellant claims that the trial court erred "in hearing the oral testimony of the plaintiff, which testimony was available and was given at the time of the hearing."

Both counsel and claimant were present in circuit court when the case was called for hearing. No motion to present additional evidence under ORS 656.298(6) was made by either party. None was offered. The trial judge on his own motion, however, called the claimant as a witness. Defendant employer timely objected to "any evidence that was available" at the time of the hearing before the Hearing Officer being elicited by the court. It was overruled. Neither counsel asked any questions of claimant, though both were offered that opportunity by the court at the conclusion of its own questioning.

The record reveals that the trial court, though agreeing its power of inquiry was limited as described

in the objection, supra, nevertheless directed the bulk of its inquiries into areas which either were or certainly could have been developed before the Hearing Officer. Some of its questions, however, dealt with matters subsequent to the time of the hearing. For example, the questions reveal the following:

"BY THE COURT:

"Q Mr. Beagle, where are you living now?
"A In Nehalem, Oregon.

"Q What are you doing down there?
"A Nothing right now.

"Q Are you doing any fishing?
"A Well, I have did a little; very little.

"Q What about a five-pound salmon, do you think you could get him out of the river?
"A I would have a pretty good job of it if I ever tied on to him. I don't know whether I could or not.

"Q Prior to the time you went down to the Coast you were still working for Rudie Wilhelm, were you not?
[We note the hearing before the Hearing Officer was held long after claimant left the employer.]
"A That's right.

"Q The record shows here they gave you a job as clean-up man in the yard there. Why did you feel you couldn't do that type of work?
"A Well, I spent quite a while doing it.

"Q How long a time?
"A I think it was—it was either two weeks or a month. I don't remember now. And I could go and set down any time I wanted to and it just—wouldn't work that was all there was to it. I couldn't be down there on the job doing nothing.

"Q What part of the work as a clean-up man did you find difficult to perform?

"A Well, I was on my feet a lot, I had to bend a lot. There wasn't nothing really heavy— He told me not to lift anything heavy. I never tried to lift anything heavy because every time I picked up something that was over four by four, or eight, 10 feet long, that doesn't work.

"Q Where did you have pain?

"A In my back.

"Q What part of your back?

"A In the second—first or second lumbar down there right in the back, lower part.

"Q At the time you were working as a clean-up man were you receiving any treatment?

"MR. SWEEK: For my record, your Honor, I assume that I—

"THE COURT: I will allow you an exception.

"Q When you were cleaning up there in the yard, were you receiving any medical treatment at that time?"

The court then continued to inquire of the claimant extensively concerning matters all of which were available at the time of the hearing and much of which were developed before the Hearing Officer. We note that the trial court apparently had not read the transcript of the testimony developed at that hearing before it began its own inquiry of the claimant.

Claimant himself does not contend that the court limited its inquiries to matter "concerning disability that was not obtainable at the time of the hearing." Rather, in his brief he states:

"* * * It is not important to determine whether or not the trial court erred in receiving new evidence. If the trial court erred, it would be

the duty of this Court to disregard the additional testimony and go on to review *de novo* the record made before the administrative agency."

We turn now to the statute, ORS 656.298(6), which provides:

"The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The judge may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the judge determines to be appropriate."

In *Coday v. Willamette Tug & Barge*, 250 Or 39, 440 P2d 224 (1968), the Supreme Court, after an exhaustive review of the legislative history, stated at page 44:

"Upon the basis of the statutory language and the legislative history, we find ourselves compelled to construe ORS 656.298(6) as providing for a de novo review by the circuit court upon the record forwarded by the Board."

The Supreme Court, however, in that case was not faced with and thus did not consider the phrase of the statute which allows the judge to "hear additional evidence concerning disability *that was not obtainable at the time of the hearing.*" (Emphasis supplied.)

In our view, *Coday* did not hold that the italicized language of the statute just quoted should be disregarded. Such a holding would be in derogation of basic principles of statutory construction too well

known to require citation of authority. We have no power to emasculate the statute when full effect can be given to its parts.

We think the de novo hearing provided in the circuit court is, as the act states, "on the entire record forwarded by the board," supplemented, when deemed appropriate by any party or the court, by "additional evidence concerning disability that was not obtainable at the time of the hearing."

■ This, however, envisages that the court shall first review "the entire record forwarded by the board." If any party wishes to offer additional evidence concerning disability such party claims was "not obtainable at the time of the hearing," a motion to do so, describing the nature of the proposed evidence, should be timely made. If the court determines that such "additional evidence" concerning disability was "not obtainable at the time of the hearing," then a supplemental hearing should be held by the court to receive it. This was not done here.

■ In addition, the court itself, on its own motion, may order the production of evidence concerning disability which it first finds was "not obtainable at the time of the hearing." Under the statute it "may remand" such a case "to the hearing officer for further evidence taking" or itself may hear such evidence as it has found was "not obtainable." We think this determination is within the reasonable discretion of the trial court. It is also within the discretion of the trial court to determine when in a given case evidence concerning disability desired, whether by a party or the court itself, was "obtainable at the time of the hearing."

■ Here, however, the trial court made no findings relating to prior availability of and did not consider whether the additional evidence which it elicited was unavailable at the time of the hearing before the Hearing Officer. From the record, much of it clearly was. It was error to receive it.

The trial court increased the award of the Board and the Hearing Officer. We have no way of telling to what extent, if at all, it considered the evidence improperly received in so doing.

Appellant asks us because of this error simply to reinstate the award of the Board; claimant on the other hand, as set forth above, asks us to disregard the additional evidence taken in the trial court, and thus the increased disability rating, and to grant him an award of permanent total disability on the record made before the Hearing Officer.

■ We do not agree with claimant that since the trial court erred in the receipt of additional evidence relating to disability it is "the duty of this Court to disregard the additional testimony and go on to review *de novo* the record made before the administrative agency," infra. The grant of de novo power to this court under the Workmen's Compensation Act is not a legislative admonition to ignore its carefully designed plan for the processing of claims. ORS 656.301 (1) provides that the scope of review on appeal shall "be the same as that of the circuit court." ORS 656.298 (6), when considered with ORS 656.301(1), makes clear, we think, that the appellate court may remand to the trial court "for further evidence taking, correction or other necessary action" and that it, too, "may affirm, reverse, modify or supplement the order

appealed from, and make such disposition of the case" as the appellate court "determines to be appropriate." It is for the appellate court to determine whether to remand a particular case or to dispose of it.

Here, however, we have reviewed the entire record forwarded by the Board, and concluded to make what we deem to be the appropriate disposition.

We note that the claim for permanent total disability was consistently rejected at every stage. The trial court also rejected it despite its taking of further evidence.

In *Romero v. Compensation Department,* 250 Or 368, 440 P2d 866 (1968), the Supreme Court stated at 372-73:

> "Although we are expected to review the record de novo, we feel that under the circumstances of this case we have no criteria for fixing the degree of disability or for deciding which of the three different percentages fixed in the preceding adjudications below comes closest as a measure of plaintiff's loss. Under these circumstances we feel that the appraisal made by the Hearing Officer and which was affirmed by the Board should be adopted.   *   *   *   Moreover, although we must review the record de novo, we are entitled to take into account the administrative agency's expertise which develops out of dealing with hundreds of similar cases. As has been pointed out, 'industrial commissions generally become expert in analyzing certain uncomplicated kinds of medical facts [and we would add non-medical facts also], particularly those bearing on industrial causation, disability, malingering and the like.'   *   *   *"

■ Every disability rating case presents a different factual basis. These facts in the case at bar raise

542

no new rule of law. We see no reason to lengthen this decision by their detailed recitation. *Mayes v. Compensation Dept.*, 1 Or App 234, 461 P2d 841 (1969). Mindful of our duty to try this matter de novo, we conclude that the award of the Hearing Officer and the Board, based upon the testimony there heard and considered, should be reinstated. It is so ordered.

The judgment is reversed.

## ON REHEARING

*Raymond J. Conboy,* Portland, argued the cause for respondent-cross-appellant on rehearing. With him on the petition for rehearing were Richard Noble, and Pozzi, Wilson & Atchison, Portland.

*Walter H. Sweek,* Portland, argued the cause for appellant-cross-respondent on rehearing.

LANGTRY, J.

This case was reargued after a petition for rehearing was granted. The rehearing was granted principally because our decision did not consider the rule in *Ryf v. Hoffman Construction Co.,* 254 Or 624, 459 P2d 991 (1969), which held that loss of earnings caused by the accident are a consideration in determining compensation.

On this review, we do not disturb our holding in the original opinion concerning the construction of procedure and scope of review statutes in workmen's compensation appeals to circuit court and Court of Appeals.

*Ryf* was decided by the Oregon Supreme Court on October 22, 1969, and petition for rehearing was denied January 13, 1970. The Workmen's Compensation Board's Administrative Order, WBC No. 1—1970, applying *Ryf,* was promulgated January 23, 1970. Our original decision in the case at bar, came down on January 15, 1970. We should have viewed this case in

the light of *Ryf*. In *Ryf*, as indicated, the court used, in addition to medical evidence, other evidence showing loss of earnings as criteria for increasing an unscheduled disability award. In *Trent v. Compensation Dept.*, 2 Or App 76, 466 P2d 622 (1970), we applied the loss-of-earnings rule to a situation where the disability was to an extremity, still recognizing, however, the restrictions imposed by *Jones v. Compensation Department*, 250 Or 177, 441 P2d 242 (1968), where it was held that the total award for disability to an extremity may not exceed the statutory schedule of payment for loss of the extremity.

■ In the case at bar there was substantial evidence from several witnesses, including the claimant, that his inability to continue his former occupation as a heavy duty truck driver derives from loss of function of his left arm, and from discomfort in his back and loss of lifting ability because of the back injury. It is difficult to separate them as causes of what the evidence showed was a decided loss of earnings. But the loss of actual use of the arm did not prevent him from operating a vehicle. It was disability stemming from the accident which precipitated his apparently permanent, almost, but not complete, loss of earning ability. In consideration of this, for the injury to his back, we find defendant has permanent partial disability equal to 100 per cent loss of an arm by separation for unscheduled disability. The balance of the award approved in our original opinion shall remain as it was.

Former opinion modified.