Petition for review allowed November 4, argued November 30, 1970, re-argued July 7, affirmed December 15, 1971

## SAHNOW, *Respondent, v.* FIREMAN'S FUND INSURANCE COMPANY et al, *Petitioners*

491 P2d 997

*William L. Hallmark,* Portland, argued and *Daryll E. Klein,* Portland, reargued the cause for petitioners. With them on the briefs were McMenamin, Blyth, Jones, Joseph & Lang, Portland.

*W. A. Franklin,* Portland, argued and reargued the cause for respondent. On the briefs were Franklin, Bennett, DesBrisay & Jolles, Portland.

Before O'Connell, Chief Justice, and McAllister, Denecke, Holman, Tongue, Howell and Bryson, Justices.

HOWELL, J.

This is a workmen's compensation case involving the issue of the compensability of a claim for death benefits from a heart attack.

Plaintiff's decedent had been employed by Beaverton Auto Parts, and on August 14, 1967, he died of a rupture of the left ventricle of the heart. Plaintiff's claim for compensation was denied by defendant Fireman's Fund Insurance Company, the employer's insurance company. The Workmen's Compensation Board referred plaintiff's claim to a hearing officer for a determination. At the hearing plaintiff rested her case

after offering in evidence a certified copy of the death certificate and a report written by Dr. Rogers, a heart specialist who had been the deceased's treating physician. A pathologist and a cardiologist called by defendants testified to the effect that the deceased's work activity had not been a materially contributing factor in his death.

The hearing officer rejected plaintiff's claim for compensation and plaintiff requested a review by the Workmen's Compensation Board. Plaintiff moved the Board to remand the case to the hearing officer for the taking of additional testimony. The motion was supported by an affidavit of one of plaintiff's attorneys challenging the conclusion of defendants' pathologist and cardiologist on the ground that the conclusion was based on the erroneous assumption that Dr. Rogers had performed serum enzyme studies and electrocardiograms, and that the results thereof were normal. The affidavit further alleged that Dr. Rogers, if allowed to testify, would state that enzyme studies had not been made, and that electrocardiograms performed on the day of the accident differed from prior electrocardiograms.

The Workmen's Compensation Board directed the hearing officer to ascertain whether the absence of enzyme studies would alter the opinions of the pathologist and cardiologist. The doctors advised the hearing officer that the absence of such studies would not alter their opinion. The Board then affirmed the decision of the hearing officer and rejected plaintiff's claim.

Plaintiff appealed to the circuit court. Plaintiff produced Dr. Rogers and requested the court to hear his testimony. Defendants objected on the ground that

Dr. Rogers' testimony had been obtainable at the time of the hearing.[1] The court decided to hear Dr. Rogers' testimony on the basis that since he could remand the case to have the testimony taken by the hearing officer, he would save time by listening to Dr. Rogers himself.

After hearing Dr. Rogers' testimony, and based on the record as supplemented by that testimony, the circuit court affirmed the decision of the hearing officer, as affirmed by the Workmen's Compensation Board, and found that plaintiff was not entitled to compensation.

Plaintiff then appealed to the Court of Appeals. That court held, 3 Or App 164, 470 P2d 378 (1970), that because Dr. Rogers' testimony had been available at the time of the hearing before the hearing officer, the circuit court erred in permitting the doctor to testify instead of remanding the case to the hearing officer, as provided for by ORS 656.298(6). The Court of Appeals concluded that because Dr. Rogers' testimony had been improperly admitted it could not be considered on appeal. The case was remanded to the circuit court with instructions to remand it to the hearing officer to take Dr. Rogers' testimony and any other evidence needed to explore the question of medical causation.

■ We agree with the Court of Appeals that the

---

[1] ORS 656.298(6) states: "The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the hearing officer for further evidence taking, correction or other necessary action. However, the judge may hear additional evidence concerning disability that was not obtainable at the time of the hearing. The judge may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the judge determines to be appropriate."

trial judge erred in hearing Dr. Rogers' testimony, because while the trial judge may hear additional evidence concerning disability, the additional evidence is restricted to evidence "not obtainable at the time of the hearing." ORS 656.298(6).

We now turn to the question of whether this court should decide the case on its merits, or whether we should affirm the action of the Court of Appeals in remanding the case back to the hearing officers. A decision on the merits would depend on whether this court has the duty to review de novo workmen's compensation cases coming to us from the Court of Appeals. The members of this court are in disagreement concerning our scope of review in workmen's compensation cases; however, a majority of the court is now of the opinion that our review should not be de novo but should be limited to errors of law. In arriving at this conclusion, the majority now accepts the reasoning of DENECKE, J., in his dissenting opinion in *Surratt v. Gunderson Bros.*, 259 Or 65, 485 P2d 410 (1971). There, Justice DENECKE pointed out that appeals from the judgment of the circuit court under ORS 656.301 in workmen's compensation cases are now to the Court of Appeals who review the record de novo. Although no statute specifically delineates the scope of our review of workmen's compensation cases coming from the Court of Appeals, subsection (5) of ORS 2.520 provides:

"After the Supreme Court allows a petition for review, such further proceedings shall be had as the Supreme Court by rule may provide. However, review by the Supreme Court is limited to those errors asserted in the petition for rehearing in the Court of Appeals, unless the Supreme Court shall take notice of plain error apparent on the face of the record."

■ Justice Denecke concluded, and a majority now agrees, that the scope of review in this court should not be de novo, particularly for the reason that de novo trials on the record are allowed before the Board, the circuit court, and the Court of Appeals.

■ We believe that the Court of Appeals had the discretion to decide the case on the merits based on the record made before the hearing officer, which would exclude the testimony of Dr. Rogers taken in the circuit court. *Beagle v. Rudie Wilhelm Warehouse Company,* 2 Or App 533, 463 P2d 875, 470 P2d 386 (1970). The Court of Appeals also had the discretion to remand the case to the hearing officer. Basically, a claimant's case is established before the hearing officer where the record is made. Under ORS 656.298(6), if the case is appealed to the circuit court the trial judge is given wide latitude, with the exception that any additional evidence which he may hear is restricted to evidence that was not obtainable at the time of the hearing before the hearing officer. The trial judge "may remand the case to the hearing officer for further evidence taking, correction or other necessary action." He may "affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as [he] determines to be appropriate."

Under ORS 656.301 the Court of Appeals is given the same scope of review as the circuit court.

The Court of Appeals could have decided the case on its merits based on the record made before the hearing officer, or it could have followed the procedure taken and remand the case to the hearing officer for further testimony. We do not find any basis

for holding that the Court of Appeals abused its discretion in remanding the case to the hearing officer.

Affirmed.

TONGUE, J., concurring opinion

I concur in the result of the majority opinion because I agree that the Court of Appeals had discretion to remand the case to the hearing officer, for the reasons stated by the majority. It has been my position in this case, however, that for these reasons the petition for review was improperly granted and should have been denied.

McALLISTER, J., dissenting.

This is a relatively simple workmen's compensation case in which the Court of Appeals, by focusing its attention on a harmless procedural error in the circuit court, failed to rule on the only issue of importance to the parties and erroneously remanded the case for further unnecessary proceedings. This court now affirms the Court of Appeals instead of finally disposing of the case as I believe we can and should do.

I agree that the circuit court erred when it permitted Dr. Rogers to testify instead of remanding the case to the hearing officer for the taking of the additional testimony. Before deciding to remand the case, however, the Court of Appeals should have determined whether the circuit court's error was prejudicial to either party. I am convinced that it was not. Dr. Rogers' testimony was heard at plaintiff's request, and she has not complained about the state of the record. Although defendants have argued that the testimony should not have been received at all, they have not contended that they were harmed because it was heard

by the circuit court instead of by the hearing officer. When the Court of Appeals decided that Dr. Rogers' testimony ought to be part of the record it could have, without prejudice to either party, decided the case on the entire record before it instead of ordering the case remanded for the taking of the same testimony before the hearing officer. And, instead of affirming that remand order, this court should have decided the case on its merits and put an end to this protracted controversy.

It is true that neither party asked this court for a determination on the merits. Nevertheless, the case is ripe for a final decision and I believe this court has the authority to decide it, an authority which neither litigant can frustrate by procedural devices.

It is well established that both the right of appeal and the extent of that right are determined by the applicable statutes. *Logsdon v. State and Dell,* 234 Or 66, 70, 380 P2d 111 (1963); *Inland Nav. Co. v. Chambers et al,* 202 Or 339, 350, 274 P2d 104 (1954); *Cohn v. State Tax Commission,* 118 Or 92, 95, 245 P 1085 (1926). In *Inland Nav. Co. v. Chambers* it was held that the circuit court's power of review in tax assessment cases was limited by statute to certain issues. The applicable statute specified both the issues the circuit court was to consider and the dispositions which it could make depending upon its findings. See 202 Or at 349.

In the workmen's compensation statutes, on the other hand, the legislature evidently intended to provide for a review as broad as possible. Circuit court review is described in ORS 656.298 (6):

"The circuit court review shall be by a judge, without a jury, on the entire record forwarded by the board. The judge may remand the case to the

> hearing officer for further evidence taking, correction or other necessary action. * * * The judge may affirm, reverse, modify or supplement the order appealed from, and make such disposition of the case as the judge determines to be appropriate."

The appeal from the judgment of the circuit court is provided for in ORS 656.301, which says that the scope of review on appeal is to be the same as that of the circuit court. In *Coday v. Willamette Tug & Barge,* 250 Or 39, 44, 440 P2d 224 (1968), we held that a party appealing from the determination of the circuit court was entitled to a de novo review based on the entire record. It is clear from the language of ORS 656.298 (6), especially the last sentence, that appellate courts in compensation cases not only reexamine the evidence, as was decided in *Coday,* but also have a power of disposition which was intended to be as broad as possible. This power of disposition is not limited by the issues as framed in lower tribunals or by the contentions made by the parties.

The provision for extremely broad powers on appeal is entirely consistent with the rest of the statutory scheme. The compensation statutes do not require pleadings in the usual sense at any level. ORS 656.283 (2); 656.295 (2). In the circuit court, the notice of appeal need include only "a brief statement of the relief requested and the reasons the relief should be granted." ORS 656.298 (3) (d). No statement of points or assignments of error are required. At the hearing officer level, where most of the evidence is taken, rules of evidence and procedure are relaxed; the hearing officer is authorized to "conduct the hearing in any manner that will achieve substantial justice." ORS 656.283 (6). A review by the board is based on the record made before the hearing officer; like the cir-

cuit court, the board may "affirm, reverse, modify or supplement the order of the hearing officer and make such disposition of the case as it determines to be appropriate." ORS 656.295 (6).

I think it clear that the legislature intended that each case would be at large for appropriate determination at every stage of the review proceedings. It directed each reviewing agency and court to dispose of the case in an appropriate manner based on the entire record before it.

There is an apparent inconsistency between this interpretation of the review provisions of the compensation statutes and ORS 2.520 (5), which provides:

"* * * review by the Supreme Court is limited to those errors asserted in the petition for rehearing in the Court of Appeals, unless the Supreme Court shall take notice of plain error apparent on the face of the record."

To the extent that ORS 2.520 (5) is inconsistent with the review provisions of the compensation statutes as I would interpret them, I think the latter should be given effect. The compensation statutes deal with a particular class of cases with a unique procedural structure; they should control over the more general provisions of ORS 2.520 (5). It is my opinion that regardless of the points raised in the petition for rehearing in the Court of Appeals, we have the power to determine the merits of compensation cases whenever we deem such a determination appropriate.

The majority holds that we may limit our scope of review in these cases, adopting the reasoning of the dissenting opinion in *Surratt v. Gunderson Bros.*, 259 Or 65, 485 P2d 410 (1971). According to that reasoning, we are "at liberty to fix the scope of our review of

workmen's compensation cases" because no statute specifically prescribes the scope of our review of decisions of the Court of Appeals. ORS 2.520 (5) provides:

> "After the Supreme Court allows a petition for review, such further proceedings shall be had as the Supreme Court by rule may provide. * * *"

The majority opinion implies that this statute gives us the power to prescribe the scope of our review. I do not believe it was so intended by the legislature. The "proceedings" to which the statute refers I take to be those over which we have traditionally exercised rule-making power—such matters as the filing of documents with this court, the preparation of briefs, and the conduct of oral argument. If the legislature had intended to grant the power to determine by rule the scope of review, it would surely have chosen plainer language. In the absence of a clear provision for such power, we should look to the relevant statutes governing appeals to find the scope of our review in particular cases.

It should be pointed out that the reasoning adopted by the majority applies to other cases as well as to compensation proceedings. For example, ORS 19.125 (3) provides:

> "Upon an appeal from a decree in a suit in equity, the cause shall be tried anew upon the record."

When an equity case is within the jurisdiction of the Court of Appeals, the appeal from the decree, strictly speaking, is to that court. According to the majority's reasoning, it would follow that the scope of our review in equity cases which come to us through the Court

of Appeals could be determined by this court, and that ORS 19.125 (3) would not govern our review.

It is my opinion that until the legislature prescribes otherwise, review of workmen's compensation cases in this court is properly de novo on the record, as is the review in the Court of Appeals. We should have decided the merits of this case on the record before us, including Dr. Rogers' testimony. I dissent from the majority's disposition of the case, which affirms the Court of Appeals' remand order sending the case back to the hearing officer for the reception of the same evidence which has been a part of the record before both that court and this one.

HOLMAN, J., joins in this dissent.

BRYSON, J., concurring in part; dissenting in part.

I concur with the majority decision that this court should not hear de novo workmen's compensation cases. I dissent, however, from that part of the decision of the Court of Appeals which remands this case to the hearing officer.