Argued January 25, affirmed February 4, 1972

HOBBS ET AL, *Appellants, v.* PACIFIC COLOR
PLATE COMPANY, *Respondent.*

493 P2d 755

*Hardy Myers, Jr.,* Portland, argued the cause for appellants. With him on the brief were Rives, Bonyhadi, Hall & Epstein, Portland.

*Robert E. Joseph, Jr.,* Portland, argued the cause for respondent. With him on the brief were Souther, Spaulding, Kinsey, Williamson & Schwabe, and Andrew F. Fink, Portland.

Before SCHWAB, Chief Judge, and LANGTRY and FORT, Judges.

PER CURIAM.

Claimants sought Workmen's Compensation Law death benefits from the defendant, asserting that the death of Dalton Hobbs from a heart attack while employed by defendant as a salesman was a compensable claim.

The hearing officer, the Workmen's Compensation Board and the circuit court successively found that claimants had not established by a preponderance of the evidence that the deceased's employment materially contributed to his death. We concur in the opinion of the trial court, which was:

"* * * * * *

"2. The more difficult problem comes next. Was there medical causation? *Mayes v. State Compensation Department, supra,* p. 734 [1 Or App 234, 461 P2d 841 (1969)]. In *Clayton v. State Compensation Department,* 253 Or 397 [454 P2d 628] (1969), a case decided under the old statute, the Supreme Court dealt with a similar question. Clayton, a man with pre-existing heart disease and a stressful employment, died of a heart attack while on the job. The Supreme Court held that because Dr. Griswold testified that stress and fatigue are probably material contributing factors in producing heart attacks in people with coronary heart disease, that testimony is sufficient to make out a jury question as to whether in fact it was a factor in that case, even though the doctor was unable to say with probability that the stress of the employment had caused that particular heart attack.

"3. It seems to me that all *Clayton* does is to permit this Court as the trier of the fact the same extended range of speculation previously allotted to the jury. But it does not mandate a finding of medical causation. The record shows that Mr. Hobbs was a successful man who enjoyed both his work and an unusually happy home life. Such

stresses as he sustained in his employment appear to have been in no way greater than the average stresses of employment in many fields, and hardly comparable to those say of lawyer, school teacher, or policeman. I am sure there was some stress, but it is difficult for me to contemplate human activity which does not include stress, and there is no medical suggestion that this general type of employment was not recommended for heart patients. Indeed, it is equally arguable that a total absence of stress is medically undesirable.

"4. I find no substantial evidence that the stress of Mr. Hobbs' employment had anything more to do with his heart attack than fixing the lawnmower or supervising his two active young sons. He belonged, according to Dr. Richards, to a class of people who are more subject to coronary artery disease than the average by reason of temperament and heredity. The stresses of life, employment and otherwise, may well have contributed to the progression of the disease. But quite absent is any evidence that stress played a role in the terminal incident, even a possible role. His death is a tragedy to his family, but not one which was premature[ly] * * * caused by his employment. For me to read such causation into the Act would, I think, be to convert the Compensation Act into a form of general life insurance measured by the benefits of the Compensation Act."

Affirmed.