Argued December 22, 1978, affirmed as modified February 20, on petitioner's petition for reconsideration filed March 19, former opinion adhered to as modified and reconsideration allowed Arpil 23, respondent's petition for reconsideration denied May 8, petition for review denied July 17, 1979

MORGAN, *Respondent,*
*v.*
STIMSON LUMBER COMPANY, *Petitioner.*
(WCB No. 77-2922, CA 11451)
590 P2d 792

R. Kenney Roberts, Portland, argued the cause for petitioner. On the brief were Steven R. Reinisch, and Jones, Lang, Klein, Wolf & Smith, Portland.

David W. Hittle, Salem, argued the cause for respondent. With him on the brief was Dye & Olson, Salem.

Before Schwab, Chief Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

Petitioner/employer challenges a Workers' Compensation Board order that it pay a penalty and attorney fees[1] pursuant to a Board administrative rule. Petitioner contends that the Board exceeded its rule-making authority in promulgating the rule. We agree.

Following the entry of an order disposing of her claim for a work-related injury to her shoulder with an award of temporary total disability benefits from the Employment Benefits Insurance Company (EBI), claimant filed an aggravation claim on March 1, 1977. The EBI denied the claim on April 28, 1977 and on May 4, 1977 claimant filed a request for a hearing pursuant to ORS 656.319.

On May 4, 1977 claimant's attorney wrote to the carrier requesting medical reports, all letters and 802 forms submitted to the Board in connection with the claim, all letters from the Board in connection with the claim, a copy of ledger information showing all payments made, all vocational rehabilitation records, and all investigative statements. The request was made pursuant to OAR 436-83-460 which provides:

"436-83-460 *WORKERS ENTITLED TO CLAIMS INFORMATION.* Upon demand of any claimant requesting a hearing, the DRE/SAIF and its representatives shall within 15 days of mailing said demand furnish to claimant or his representative, without cost, *copies of all*

---

[1] The referee's Opinion and Order stated:

"* * * [C]laimant is to be paid additional compensation in the form of a penalty equal to 10% of the compensation due her from May 4, 1977 to December 8, 1977, and

"FURTHER, claimant's attorneys, the firm of Dye & Olson, is allowed 25% of the increased temporary total disability compensation awarded claimant, to a maximum of $500, as a reasonable attorney's fee, to be paid out of the increased compensation award, as paid, and

"FURTHER, claimant's attorneys, the firm of Dye & Olson, be further awarded the sum of $350 as an additional attorney's fee, to be paid by the employer."

Only the award of attorney fees set out in the second paragraph above was assigned as error on appeal.

*medical and vocational reports* and *other documents relevant and material to the claim which are then or come to be in the possession of the DRE/SAIF* or its representatives, except that evidence offered solely for impeachment need not be so disclosed. Failure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(8)." (Emphasis supplied.)

The carrier did not respond to the letter, but on June 8, 1977 the carrier wrote to the Hearings Division of the Workers' Compensation Department denying the allegations of the request for hearing and enclosing various medical records. These were also sent to the claimant's attorney. Claimant's attorney again wrote to the carrier on June 22, 1977 requesting copies of the 802 forms, communications with the Board and ledger information. The carrier did not reply.

Following the hearing, which was held on December 8, 1977, the referee determined that, based on post-determination medical evidence, additional compensation should be awarded to claimant, together with penalties and attorney fees based on the insurer's failure to provide the documents requested by claimant's counsel within 15 days of demand as required by OAR 436-83-460. Petitioner appealed this ruling to the Board, which affirmed and adopted the opinion and order of the referee. Petitioner appeals from the award of penalties and attorney fees only.

The petitioner asserts that the Board acted outside of the scope of its delegated authority in promulgating the subject rule. ORS 656.726(5) grants the Board the following rule-making authority:

"(5) The board may make and declare all rules and regulations which are reasonably required in the performance of its duties, including but not limited to rules of practice and procedure in connection with hearing and review proceedings and exercising its authority under ORS 656.278. Such rules may provide for informal prehearing conferences in order to expedite claim adjudication, amicably dispose of controversies, if possible,

narrow issues and simplify the method of proof at hearings. The rules shall specify who may appear with parties at prehearing conferences and hearings. ORS chapter 183 is applicable whenever specific procedures covering rule-making are not provided for in ORS 656.001 to 656.794."

■ The above statute makes no provision for the imposition of penalties by the Board. However, the Board contends it has not created penalties, but has relied on the penalty provision already in the Workers' Compensation Act by stating in its rule that "[f]ailure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(8)."

ORS 656.262(8) provides:

"(8) If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

This statute does not give the Board the authority to assess penalties for failure to provide claimant with requested documents. "[A]n administrative agency must, when its rule-making power is challenged, show that its regulation falls within a clearly defined statutory grant of authority." *Ore. Newspaper Pub. v. Peterson,* 244 Or 116, 123, 415 P2d 21 (1966). The agency points to no other statute that grants it the authority claimed.

Affirmed as modified.