On respondent's petition for rehearing filed March 17,
former opinion filed February 26 (288 Or 595, 607 P2d 150),
petition for rehearing denied,
remanded to the Court of Appeals May 6, 1980

## MORGAN,
*Petitioner,*

*v.*

## STIMSON LUMBER COMPANY,
*Respondent.*

(WCB 77-2922, CA 11451, SC 26190)

610 P2d 830

Ms. Mary T. Danford, of Lang, Klein, Wolf, Smith, Griffith & Hallmark, Portland, for the petition.

No appearance contra.

Before Denecke, Chief Justice, and Tongue, Howell, Lent, Linde, and Peterson, Justices.

PER CURIAM.

**PER CURIAM.**

The Workers' Compensation Board affirmed and adopted as its own an order of its referee that the defendant employer pay a penalty and attorney fees after the employer failed to comply with a Board rule, OAR 436-83-460:

> "Upon demand of any claimant requesting a hearing, the DRE/SAIF and its representatives shall within 15 days of mailing said demand furnish to claimant or his representative, without cost, copies of all medical and vocational reports and other documents relevant and material to the claim which are then or come to be in the possession of the DRE/SAIF or its representatives, except that evidence offered solely for impeachment need not be so disclosed. Failure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(8)."

The Court of Appeals reversed, holding that the Workers' Compensation Law "does not give the Board the authority to assess penalties for failure to provide claimant with requested documents." *Morgan v. Stimson Lumber,* 38 Or App 579, 583, 590 P2d 792, 794; *modified* 39 Or App 839, 593 P2d 1285 (1979). We reversed the Court of Appeals, *Morgan v. Stimson Lumber Company,* 288 Or 595, 607 P2d 150 (1980). Our mandate took the form of a simple reversal of the Court of Appeals, thus affirming the order of the Board.

Defendant has petitioned for rehearing, pointing out that not only had it contended in the Court of Appeals that the rule was invalid but had further contended, alternatively, that it "did not unreasonably refuse to pay or delay paying compensation to claimant." Because the Court of Appeals had held the rule invalid, that court had not considered the alternative contention. In its petition for rehearing defendant asserts that we should have remanded the cause to the Court of Appeals to review the Board's order on the merits. See ORS 656.298(6).

Because the Court of Appeals, having invalidated all of OAR 436-83-460, did not reach this issue, the arguments in this court did not focus on the question exactly what effect the Board gave to the rule in deciding to impose a penalty and attorney fees. The statement in the rule that noncompliance "may be considered unreasonable delay or refusal under ORS 656.262(8)" makes clear, as we stated, that the Board does not equate such noncompliance with a "per se" violation of the cited statute. But it is less clear just what weight the Board does attribute to noncompliance with the first sentence of the rule, for example whether it reads "may be considered" to express that such noncompliance will suffice to show a statutory violation unless this consequence is explained away to the Board's satisfaction, or only to express a warning that the Board will apply ORS 656.382 if that statute has in fact been violated. Defendant's position is that only the latter reading would be proper; but its demand for *de novo* review in the Court of Appeals arguably could apply to either view. The referee's finding only stated:

"I find a penalty and attorney's fee is appropriate for the unreasonable act of disregarding a clear, ruled [sic] imposed, duty."

which does not indicate the answer to the foregoing question about the effect given to noncompliance with the first sentence of the rule.

Because this point was not previously reached in the Court of Appeals or in this court, and because it raises a potential issue for *de novo* review under ORS 656.298(6) which this court does not provide, *see Sahnow v. Fireman's Fund Ins. Co.,* 260 Or 564, 491 P2d 997 (1971), we conclude that defendant was entitled to a remand of the case to the Court of Appeals, and we amend our mandate accordingly.

Defendant also objects to claimant's petition for an award of attorney fees on appeal. The parties are in disagreement which statute, if any, arguably authorizes such fees in the Court of Appeals or

in this Court. In view of our remand of the underlying case, this issue, too, should be briefed first in the Court of Appeals.

Petition for rehearing denied; case remanded to Court of Appeals.