Submitted on remand from the Oregon Supreme Court
May 26, affirmed July 21, former opinion withdrawn
(47 Or App 959, 618 P2d 970) August 18, 1980

In the Matter of the Compensation of
MORGAN,
*Respondent,*
*v.*
STIMSON LUMBER COMPANY,
*Petitioner.*

(WCB 77-2922, CA 11451)

618 P2d 970

R. Kenney Roberts, Portland, argued the cause for petitioner. On the brief were Steven R. Reinisch, and Jones, Lang, Klein, Wolf & Smith, Portland.

David W. Hittle, Salem, argued the cause for respondent. With him on the brief was Dye & Olson, Salem.

Before Buttler, Presiding Judge, and Gillette and Roberts, Judges.

ROBERTS, J.

**ROBERTS, J.**

This workers' compensation case was remanded to us from the Supreme Court, *Morgan v. Stimson Lumber Company,* 289 Or 93, 610 P2d 830 (1980), after that court agreed to a rehearing of its previous decision in the case. *Morgan v. Stimson Lumber Company,* 288 Or 595, 607 P2d 150 (1980).

In its original opinion, the Supreme Court reversed this court in determining that the Workers' Compensation Board had sufficient statutory authority to promulgate the following rule assessing penalties for failure to provide claimant with requested documents.

"Upon demand of any claimant requesting a hearing, the DRE/SAIF and its representatives shall within 15 days of mailing said demand furnish to claimant or his representative, without cost, copies of all medical and vocational reports and other documents relevant and material to the claim which are then or come to be in the possession of the DRE/SAIF or its representatives, except that evidence offered solely for impeachment need not be so disclosed. Failure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(8)." OAR 436-83-460.

ORS 656.262(8) provides:

"(8) If the fund or direct responsibility employer or its insurer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the fund or direct responsibility employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

The Supreme Court phrased the threshold question before us as follows:

"* * * The statement in the rule that noncompliance 'may be considered unreasonable delay or

refusal under ORS 656.262(8)' makes clear, as we stated,[1] that the Board does not equate such noncompliance with a 'per se' violation of the cited statute. But it is less clear just what weight the Board does attribute to noncompliance with the first sentence of the rule, for example whether it reads 'may be considered' to express that such noncompliance will suffice to show a statutory violation unless this consequence is explained away to the Board's satisfaction, or only to express a warning that the Board will apply ORS '656.332 if that statute has in fact been violated. * * *" 289 Or at 96.

We interpret the rule as authorizing the imposition of a penalty, absent mitigating circumstances, regardless of whether delay in furnishing the requested material resulted in delay of payment of compensation.

Our de novo review of this record shows that claimant's request for medical documents and various other information[2] was received by employer on May

---

[1] This is apparently a reference to the following statement from the Supreme Court in its original opinion:

"* * * The Board does not say, in the challenged sentence, that every failure or delay to furnish the requested documents to the claimant automatically entitles the claimant to the extra compensation and attorney fees provided by the statute. On the other hand, when the Board believes this procedure to be necessary for the expeditious determination of claims, it need not let an employer disregard the requirement and wait to litigate whether or not it actually caused a delay. The Board's rule gives notice that noncompliance 'may be considered unreasonable delay' under the statute. The rule is consistent with the purpose of the statute, which is to secure promptness in claims disposition, not to invite the parties to speculate on such after-the-event litigation about the actual consequences of noncompliance in the particular case.

"The referee did not apply the rule as a 'per se' entitlement to extra compensation and attorney fees for the claimant. He determined that he found such payments in this case 'appropriate.' " 288 Or at 604.

[2] The letter from claimant's attorney to EBI Companies stated in pertinent part:

"Please furnish forthwith copies of the following:

"1) Medical records of any kind including doctor, hospital, therapy, etc.

4, 1977. No documents were received by claimant. Another letter was sent on June 22, 1977, and no documents were received.

The referee stated in the Opinion and Order:

"\* \* \* \* \*

"There is no question that no documents were provided within 15 days of demand. The only mitigating circumstance cited is claimant's attorney's failure to specify with certainty what he wanted.

"Disregarding the question of whether the request was a blanket one, I note there is no evidence that claimant's attorney was advised to be more specific, nor do I note that he was informed as to what information was considered beyond his reach.

"I find a penalty and attorney's fee is appropriate for the unreasonable act of disregarding a clear, ruled [*sic*] imposed, duty.

"\* \* \* \* \*."

Employer's position is best stated by the following statement made in appellant's brief to the Workers' Compensation Board:

The purpose behind OAR 436-83-460 is to insure that claimant's counsel receives any relevant and material information regarding claimant's claim well before hearing, so that he may adequately prepare claimant's case and avoid any prejudice to claimant's claim which might result from defense counsel's last

---

"2) All letters and 802 forms submitted to the Workmen's Compensation Board in connection with processing this claim.

"3) All letters from the Workmen's Compensation Board responding to your correspondence or responding to 802 forms, including all Determination Orders.

"4) A true copy of your existing ledger information showing any payments made by your company in connection with this claim for TTD, TPD, PPD, medical related expenses, mileage reimbursement, etc.

"5) All Vocational Rehabilitation records either public or private.

"6) All investigative statements, transcribed or not transcribed, taken from the claimant or any witnesses.

"\* \* \* \* \*."

minute production of documents. This administrative rule also dictates that only *relevant* and *material* documents need be furnished to the claimant. [Original Emphasis.]

"On June 8, 1977, employer's defense counsel promptly furnished claimant's attorney with all relevant and material documents which employer at that time intended to rely upon at hearing. That information was sent two weeks before claimant's second request for production on June 22, 1977.

"A hearing was not held until December 8, 1977. Claimant's counsel had adequate time prior to hearing to review those documents furnished to him, approximately five and one-half months prior to hearing, and was not prejudiced in his preparation of claimant's case. If claimant's attorney was in need of particular documents not received with employer's June 8, 1977 inclusion letter to the Workers' Compensation Board, he could have specifically requested those documents. Employer received no specific requests from claimant's attorney after the two general requests in May and June, 1977.

"* * * * *."

The Board affirmed and adopted the opinion and order of the referee.

We conclude, first, that the sending of documents to the Workers' Compensation Board instead of replying directly to claimant is a poor substitute for direct communication and is not in compliance with the language of OAR 436-33-460. We conclude, second, that even if the documents sent to the Workers' Compensation Board might have given claimant access to the information, it was not provided within the required 15-day period. While it may be true that claimant was not prejudiced in the preparation of the case by the delay, the purpose of the rule is to expedite the processing of cases, and the presumption of unreasonable delay is not rebutted unless the employer gives a reasonable basis for his failure to comply with the rule.

Finally, although employer objects to the "general requests" made by claimant and although employer's understanding that only "relevant" and "material" documents need be furnished to claimant, there was no communication by employer to that effect directly to claimant. We do not mean to say that there can never be an instance in which the employer may exceed the 15-day requirement without penalty; but at the minimum, there must be some evidence of a good faith effort to comply with the requirements of OAR 436-83-460 or a demonstration of circumstances beyond the control of the employer. Here there was neither. The penalty was properly imposed and we affirm the Board.

With reference to the remand to determine whether attorney fees are authorized on appeal, this court is not yet confronted with that question. We will meet that issue if and when a request for attorney fees is presented to us.

Affirmed.