Argued and submitted November 9, 1988, remanded for reconsideration of penalty;
otherwise affirmed January 11, 1989

In the Matter of the Compensation of
Sheila E. Reeves, Claimant.

EASTMORELAND HOSPITAL,
*Petitioner,*

*v.*

REEVES,
*Respondent.*

(WCB 86-10670; CA A46867)

767 P2d 97

Jerald P. Keene, Portland, argued the cause for petitioner.

With him on the brief was Roberts, Reinisch & Klor, P.C., Portland.

Todd Westmoreland, Tillamook, argued the cause for respondent. On the brief were W. T. Westmoreland and Roll & Westmoreland, P.C., Tillamook.

Before Warden, Presiding Judge pro tempore, and Graber and Riggs, Judges.

GRABER, J.

## GRABER, J.

Employer seeks review in this workers' compensation case. The referee's order set aside employer's denial of the claim, awarded claimant attorney fees of $1,500 for prevailing, ORS 656.386(1), and awarded attorney fees of $300 plus 25 percent of claimant's medical bills as a penalty for employer's unreasonable delay in furnishing medical records to claimant's counsel. ORS 656.262(10); ORS 656.382(1); OAR 438-07-015(2). The Board affirmed and awarded an additional attorney fee for services on Board review concerning the compensability issue. Employer argues that the record does not contain substantial evidence of compensability and that the Board improperly imposed a penalty and related attorney fees. We review for substantial evidence and errors of law, ORS 656.298(6), affirm in part, and remand for reconsideration of the penalty.

Claimant has been an x-ray technician since 1968 and has worked for employer since 1979. She began to notice vision problems in late 1985. On June 23, 1986, Dr. Child, an opthamologist, diagnosed bilateral posterior subscapular cataracts, which were "compatible [with] radiation induced cataracts." Claimant filed a workers' compensation claim; employer denied it.

On July 15, 1986, claimant underwent cataract surgery. On August 4, she requested a hearing on the denial and demanded that employer forward all relevant documents to her attorneys. On September 15, her attorneys filed a supplemental hearing request, seeking penalties and fees for employer's failure to send the medical records. On October 3, claimant moved to compel production, and the referee granted the motion a few weeks later. The parties stipulated that employer mailed copies of the pertinent documents to claimant on October 9, 1986.

■ Employer contends, first, that there is not substantial evidence to support the finding that radiation exposure at work was the major contributing cause of claimant's occupational disease. *See McGarrah v. SAIF,* 296 Or 145, 166, 675 P2d 159 (1983). We disagree. Child, who was claimant's treating physician and a specialist in diseases of the eye, answered these questions from claimant's counsel:

"1. Can exposure to radiation, such as encountered by an Xray technician[,] be a causative factor for the diagnosed extracapsulae cataracts?

" X   Yes                         ___   No

"2. Based upon a review of the medical and vocational history of [claimant], it is [sic] medically probable that [her] employment as an Xray technician at [employer] was the major contributing cause of the diagnosed bilateral extracapsulae cataracts for which [you] have surgically treated the patient?

" X   Yes                         ___   No

"It is my understanding that the above stated questions were to be answered in terms of medical probability, and that these opinions are based upon my review of the medical records, knowledge of the medical literature, and the history provided to me by my patient."

In a separate letter, Child wrote that "radiation is a probable cause of the type of cataracts developed by [claimant]" and that "radiation exposure is the most likely cause of [her] cataract[s]." The record contains evidence from only one other doctor. Dr. Robinson, after reviewing unspecified documents but not examining claimant, concluded that it was not possible to find a causal relationship between claimant's work exposures to radiation and her cataracts.

Employer's attack on Child's opinion is two-fold. First, it argues that Child gave different answers to the question of causation at different times. It is not unusual for a treating physician's opinion to narrow or to become more certain as additional information comes to light. Neither is it unusual for a physician to use other than the "magic words" of statutes or decisions in describing a medical condition. That is what appears to have happened here, and it does not make Child's evidence of causation "insubstantial."

Employer's second assertion is that the absence of proof about the actual radiation levels that claimant experienced at work and about the precise levels that cause cataracts is fatal to Child's opinion. That contention affects the weight of the evidence but does not render it insufficient to support the Board's finding. Claimant admittedly was exposed to ionizing radiation on the job for many years. We hold that the record contains substantial evidence to support the finding of causation.

■ The remaining issue is whether the Board properly assessed a penalty and attorney fees for unreasonable delay. Failure to provide documents pertaining to claims within 15 days of a written demand or request for hearing may be an unreasonable delay or refusal under ORS 656.262(10).[1] OAR 438-07-015(2).[2] Employer concedes that it failed to respond for more than two months to claimant's request for documents and offers no explanation for the delay. *See Morgan v. Stimson Lumber Company,* 288 Or 595, 607 P2d 150 (1980). Employer argues that the Board lacked authority to award a penalty or fees for the delay, because no amount of compensation was "then due," as required by ORS 656.262(10).

The Board based the penalty on claimant's medical expenses for the cataract surgery. "Pending acceptance or denial of a claim, compensation payable to a claimant does not include the costs of medical benefits * * *." ORS 656.262(6). Therefore, the Board may assess a penalty under ORS 656.262(10) based on interim compensation due, but not on medical services. *Bono v. SAIF,* 298 Or 405, 410-11, 692 P2d 606 (1984).

On this record, we cannot determine whether any interim compensation was due, in addition to the medical services. We remand for a determination of whether and when compensation was due to claimant between August 19, 1986, 15 days after she demanded the documents, and October 9, 1986, when employer complied.

---

[1] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

[2] OAR 438-07-015(2) provides:

"Documents pertaining to claims are obtained by mailing a copy of the Request for Hearing, or a written demand, to the insurer. Within fifteen (15) days of said mailing the insurer shall furnish the claimant, without cost, copies of all medical and vocational reports, records of compensation paid, and other documents pertaining to the claim(s) which are then or come to be in the possession of the insurer, except that evidence offered solely for impeachment need not be so disclosed. Failure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(1)."

■     Attorney fees, however, do not depend on "amounts then due." Accordingly, claimant is entitled to her reasonable attorney fees for the delay, and we affirm that portion of the Board's order. *See Spivey v. SAIF,* 79 Or App 568, 572, 720 P2d 755 (1986).

Remanded for reconsideration of penalty; otherwise affirmed.