Argued and submitted March 27, affirmed May 15, 1991

In the Matter of the Compensation of
Daniel S. O'Leary, Claimant.

Daniel S. O'LEARY,
*Petitioner,*

*v.*

VALLEY VIEW CUTTING
and SAIF Corporation,
*Respondents.*

(88-21172; CA A65401)

810 P2d 1324

James L. Edmunson, Eugene, argued the cause for petitioner. With him on the brief were Dale C. Johnson and Malagon, Moore & Johnson, Eugene.

Ann F. Kelley, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

WARREN, P. J.

### WARREN, P. J.

■ The facts in this workers' compensation case are undisputed. Before claimant filed a request for a hearing, he sent SAIF a request to provide him the claim documents. SAIF sent the documents 22 days later. Claimant sought a penalty and attorney fees for failure to provide discovery within 15 days, as required by *former* OAR 438-07-015(2). The referee denied his request, and the Board affirmed. Claimant seeks review, and we affirm.

*Former* OAR 438-07-015(2) provided:

> "Documents pertaining to claims are obtained by mailing a copy of the Request for Hearing, or a written demand accompanied by an attorney retention agreement or medical information release, to the insurer. Within fifteen (15) days of said mailing the insurer shall furnish the claimant and other insurers, without cost, originals or legible copies of all medical and vocational reports, records of compensation paid, and all other documents pertaining to the claim(s). Upon specific demand by the claimant, payroll records shall be obtained by the insurer from the employer and provided in the same manner as other documents. Failure to comply with this section shall be considered delay or refusal under ORS 656.262(10) and may be grounds for exclusion of documents upon motion of the adverse party."

ORS 656.262(10) provides:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

■ The Board concluded that *former* OAR 438-07-015(2) does not apply until a claimant files a request for a hearing. Chapter 438 contains the Board's rules of practice and procedure for contested cases. OAR 438-05-010 states:

> "*These rules* are effective January 1, 1988 and shall *apply to all cases pending before the Hearings Division* under the provisions of ORS 656.283, 656.291, 656.307 and 656.740 and before the Board under the provisions of ORS 656.295,

656.307 and 656.576 to 656.595 on and after that date. With respect to matters before the Board on its own motion under ORS 656.278, these rules shall apply only to cases in which claim reopening is ordered by the Board on or after January 1, 1988." (Emphasis supplied.)

The Board reasoned that, because claimant had not yet requested a hearing when he sought the documents, the case was not "pending before the Hearings Division." It held that the applicable rule was *former* OAR 436-10-030(10) (since renumbered as OAR 436-10-030(15)), promulgated by the director of the Department of Insurance and Finance. It stated, in part:

> "Injured workers, or their representatives, are entitled to copies of all relevant medical information. This information should ordinarily be available from the insurers, but may be obtained from physicians upon the payment of an appropriate charge for copies."

The rule does not establish a specific time in which the material must be provided. The Board concluded that the test for penalties and attorney fees is simply whether the insurer "unreasonably delay[ed]," as stated in ORS 656.262(10), and held that 22 days was not unreasonable under the circumstances.

■ We defer to the Board's interpretation of its own rules, so long as the interpretation is not inconsistent with the rules and the statutes. *Mershon v. Oregonian Publishing,* 96 Or App 223, 772 P2d 440, *rev den* 308 Or 315 (1989). The board's interpretation is not inconsistent with the rule or with the policy expressed in the statutes. ORS 656.298(6); ORS 183.482(8).

Affirmed.