Argued and submitted December 18, 1990, reversed July 24, 1991

In the Matter of the Compensation of
Paul Jackson, Claimant.

AETNA CASUALTY COMPANY
and Continental Porsche Audi,
*Petitioners,*

*v.*

Paul JACKSON,
*Respondent.*

(87-09537; CA A60904)

815 P2d 713

Allen W. Lyons, Portland, argued the cause for petitioners. On the brief were Thaddeus J. Hettle and Scheminske & Lyons, Portland.

Daina Upite and Royce, Swanson & Thomas, Portland, filed the brief for respondent.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

DEITS, J.

## DEITS, J.

Continental Porsche Audi (employer) seeks review of an order of the Workers' Compensation Board holding that claimant is entitled to an award of attorney fees under ORS 656.262(10)[1] and ORS 656.382(1),[2] because employer failed to comply with the time requirements for discovery. We reverse.

Claimant was injured in April, 1985. The claim was closed in August, 1985, by a determination order that awarded no permanent disability. The claim was reopened for an aggravation claim and was again closed by a determination order, issued on April 10, 1987, that awarded claimant 20 percent unscheduled permanent partial disability. Two weeks later, claimant was paid the full award. Employer then submitted a form 1503, requesting reduction of the award. In response to that request, the Evaluation Division issued an order on May 12, 1987, reducing claimant's permanent disability award to 15 percent. Claimant filed a request for hearing to challenge the reduction. The request included a demand for documents. It was later supplemented to include a request for a penalty and attorney fee for employer's failure to comply with the time requirements for providing a copy of the form 1503.

The parties agree that employer did not comply with the discovery requirements of *former* OAR 438-07-015(2), because the document was not furnished within 15 days after the discovery demand. They also agree that claimant had been paid the full amount due under the April, 1987, determination order.

---

[1] ORS 656.262(10) provides:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

[2] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board or court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall be required to pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."

The referee did not award a penalty, because there were no "amounts then due," as required by ORS 656.262(10), but did award attorney fees. On review and on reconsideration, the Board affirmed the referee's order. It concluded that attorney fees were justified, because employer did not provide the form to claimant's counsel within 15 days after claimant's discovery demand, as required by *former* OAR 438-07-015(2),[3] and that the failure constituted an "unreasonable resistance to compensation" under ORS 656.382(1). It also said that the award was warranted, because mailing a copy of the form 1503 to claimant, but not to claimant's attorney, was an impermissible contact with a claimant in violation of ORS 656.331(1)(b).[4] The Board awarded attorney fees of $900.

Employer argues that its failure to provide the form to claimant and his attorney does not provide a basis to impose attorney fees under ORS 656.262(10) or ORS 656.382(1). It contends that, although it did not fully comply with the discovery requirements in the Board's rules, it did not resist or delay payment of compensation to claimant and that, therefore, he is not entitled to attorney fees under the statutes.

■     In *Randall v. Liberty Northwest Ins. Corp.*, 107 Or App 599, 813 P2d 1120 (1991), we held that ORS 656.262(10) does not provide an independent basis for the award of

---

[3] *Former* OAR 438-07-015(2) provided:

"Documents pertaining to claims are obtained by mailing a copy of the Request for Hearing, or a written demand, to the insurer. Within fifteen (15) days of said mailing the insurer shall furnish the claimant, without cost, copies of all medical and vocational reports, records of compensation paid, and other documents pertaining to the claim(s) which are then or come to be in the possession of the insurer, except that evidence offered solely for impeachment need not be so disclosed. *Failure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(10).*" (Emphasis supplied.)

[4] ORS 656.331(1)(b) provides:

"Notwithstanding any other provision of ORS 656.001 to 656.794, if an injured worker is represented by an attorney and the attorney has given written notice of such representation:

"* * * * *

"(b) An insurer or self-insured employer shall not contact the worker without giving prior or simultaneous written notice to the worker's attorney if the contact affects the denial, reduction or termination of the worker's benefits."

attorney fees. They must be awarded under ORS 656.382. One of the bases for the Board's award here was that employer had violated the Board's rule that requires compliance with its discovery requirements and provides that "failure to comply with this section may be considered unreasonable delay or refusal under ORS 656.262(10)." However, under *Randall,* the Board's rule does not provide authority for awarding attorney fees, because ORS 656.262(10) does not authorize fees. fees.

■　The award of attorney fees was also based on the Board's conclusion that the failure to comply with the discovery rules constituted an unreasonable resistance to payment of compensation under ORS 656.382(1). That can be a proper basis on which to award attorney fees. Failure to provide discovery can interfere with the payment of compensation. In *Morgan v. Stimson Lumber Company,* 288 Or 595, 607 P2d 150, *mod* 289 Or 93, 610 P2d 830 (1980), the Supreme Court considered whether the rule that failure to comply with discovery requirements could be considered an unreasonable delay or refusal to pay compensation is within the Board's authority. The court held that it is.

> "The Board is entitled to take the view, within its responsibility for and experience with administering hearings, that a practice of prompt disclosure of all relevant information to the claimant will generally expedite the disposition of a claim and the eventual payment, and that failure or delay in such disclosure will tend to obstruct or delay a proper disposition and payment of a claim." 288 Or at 604.

In this case, however, employer had paid the entire award before its discovery violation. It could not unreasonably resist the payment of compensation that had all been paid. The award of attorney fees was improper.

The Board also justified its award of attorney fees on employer's alleged violation of ORS 656.331(1)(b). Even assuming that attorney fees can be awarded on that basis, claimant never actually received the 1503 form and, therefore, no impermissible contact actually occurred.

Reversed.