Argued and submitted May 17, reversed and remanded for reconsideration
October 23, 1991

In the Matter of the Compensation of
Margaret I. Boehr, Claimant.

Margaret I. BOEHR,
*Petitioner,*

*v.*

MID-WILLAMETTE VALLEY FOOD
and SAIF Corporation,
*Respondents.*

(89-21774; CA A67319)

818 P2d 1297

Brad G. Garber, Salem, argued the cause for petitioner. With him on the brief was Law Office of Michael B. Dye, Salem.

Katherine H. Waldo, Assistant Attorney General, Salem, argued the cause for respondents. With her on the brief were

Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Joseph, Chief Judge, and Richardson* and Deits, Judges.

DEITS, J.

---

* Richardson, J., *vice* Newman, J., retired.

**DEITS, J.**

Claimant challenges an order of the Workers' Compensation Board denying her request for attorney fees. She argues that she is entitled to the fees because of employer's failure to provide discovery within fifteen days after her request. We remand for reconsideration.

The parties stipulated to these facts, which were incorporated in the Board's order:

"1. On July 21, 1989, claimant's attorney requested records from the above-captioned claim file. The request was received by SAIF on July 24, 1989.

"2. By letter dated August 29, 1989, SAIF provided the requested documents to claimant's attorney.

"3. The length of time between the attorney's request for discovery and SAIF's response was 35 days."

The Board held that, because a request for hearing had not been filed at the time of the request for discovery, discovery was not governed by OAR 438-07-015(2),[1] which requires compliance with discovery requests within 15 days, but by OAR 436-10-030(10),[2] which does not specify a time for compliance. It concluded that,

"even if SAIF's production of the documents was unreasonable, there has been no delay or resistance to the payment of compensation; there is no evidence that the delay in production of documents delayed acceptance of the claim. Without such a finding, there is no basis for an assessed attorney fee."

---

[1] The pertinent part of *former* OAR 438-07-015(2) and the amended version both provide:

"Documents pertaining to claims are obtained by mailing a copy of the Request for Hearing or a written demand accompanied by an attorney retention agreement or medical information release, to the insurer or self-insured employer. Within fifteen (15) days of said mailing, the insurer or self-insured employer shall furnish the claimant and other insurers, without cost, originals or legible copies * * *."

[2] OAR 436-10-030(10), now renumbered OAR 436-10-030(15), provides, in part:

"Injured workers, or their representatives, are entitled to copies of all relevant medical information. This information should ordinarily be available from the insurers, but may be obtained from physicians upon the payment of an appropriate charge for copies."

■ Claimant first contends that the Board erred in holding that it is without authority to regulate pre-hearing discovery. However, the Board did not hold that. It simply held that OAR 438-07-015(2) does not apply here.

Claimant also argues that the Board's conclusion that OAR 438-07-015(2) does not apply is wrong. We agree with the Board. The rule does not apply, because the discovery request was made before a request for a hearing was filed. *O'Leary v. Valley View Cutting,* 107 Or App 103, 106, 810 P2d 1324 (1991).

■ However, we do not agree with the Board's conclusion that it could not award attorney fees. As the Board held, the applicable rule is OAR 436-10-030(10). Although that rule does not include any express time limit for responding to discovery requests, the Board has interpreted it to require that documents be produced in a reasonable time under the circumstances surrounding the discovery request. *Lawrence A. Durette,* 42 Van Natta 413 (1990). The Board did not decide whether employer's delay was unreasonable. It concluded that, even if the delay was unreasonable, there was no basis for awarding an attorney fee, because there was no delay or resistance to the payment of compensation.[3] We have held that failure to comply with discovery requirements may be unreasonable resistance to the payment of compensation and may justify attorney fees under ORS 656.382(1), even when there is no evidence that the noncompliance delayed acceptance of the claim. *Aetna Casualty Co. v. Jackson,* 108 Or App 253, 815 P2d 713 (1991). However, we have also held that, in order for unreasonable resistance to compensation to be found, the claim must have been compensable. *Randall v. Liberty Northwest Ins. Corp., supra* n 3. Accordingly, we remand to the Board to determine if the underlying claim was compensable and, if so, whether employer's delay was unreasonable and whether attorney fees should be awarded.

Reversed and remanded for reconsideration.

---

[3] The Board analyzed the case under ORS 656.262(10). However, as established in *Randall v. Liberty Northwest Ins. Corp.,* 107 Or App 599, 813 P2d 1120 (1991), the applicable statute for awards of attorney fees is ORS 656.382(1).