Argued and submitted January 17, affirmed August 5, reconsideration denied October 28, petition for review denied December 22, 1992 (315 Or 271)

In the Matter of the Compensation of
Nicolasa Martinez, Claimant.

Nicolasa MARTINEZ,
*Petitioner,*

*v.*

DALLAS NURSING HOME,
*Respondent.*

(WCB 90-12293; CA A70827)

836 P2d 147

Brad G. Garber, Salem, argued the cause for petitioner. With him on the brief was Michael B. Dye, Salem.

Darren L. Otto, Portland, argued the cause for respondent. With him on the brief was Scheminske & Lyons, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

RICHARDSON, P. J.

## RICHARDSON, P. J.

Claimant petitions for review of a Workers' Compensation Board order that denied her an attorney fee paid by employer under ORS 656.382(1). She argues that the Board incorrectly interpreted ORS 656.262(10) to preclude a separate award of attorney fees. We affirm.

The parties accept the findings of the Board:

"On April 4, 1990, the Board affirmed and adopted a Referee's December 5, 1988 order that set aside the employer's denial of claimant's medical services claim for her low back condition. This claim pertained to chiropractic treatments provided by Dr. Romanick. The Board's order was not appealed within 30 days from its issuance.

"The employer did not pay the disputed chiropractic bills within 60 days of the Board's order. On June 11, 1990, the Board received claimant's hearing request, which raised the issues of medical services, penalties and attorney fees. The employer paid the medical bills on July 6, 1990.

"Prior to the scheduled hearing, the parties entered into an 'Interim Partial Stipulation and Order of Dismissal.' Pursuant to the stipulation, the employer agreed that $1,289.91 in medical bills were untimely paid. Consequently, the employer agreed to pay a penalty equal to 25 percent of that amount, i.e., $322.47.

"In accordance with the stipulation, claimant agreed to accept the aforementioned penalty on the condition that she could seek entitlement to a carrier-paid attorney fee under ORS 656.382(1). In the event that the Referee did not grant her such an attorney fee, claimant agreed that her attorney would receive one-half of her penalty, i.e., $161.24. Thereafter, the Referee approved the interim stipulation and accepted written arguments regarding claimant's entitlement to an attorney fee under ORS 656.382(1)."

The Board concluded that the 1990 amendments to ORS 656.262 preclude an award of attorney fees under ORS 656.382(1) in this case. The Board set forth its reasoning in its Conclusions of Law:

"*Former* ORS 656.262(10) authorized the assessment of an attorney fee under ORS 656.382(1) if a carrier unreasonably refuses to pay compensation. However, the legislature amended ORS 656.262(10) during its 1990 Special Session. *See* Or Laws 1990 (Special Session), Ch. 2, § 15. In place of

the language authorizing the assessment of an attorney fee under ORS 656.382(1), ORS 656.262(10)(a) [now] provides that, if the worker is represented by an attorney, the attorney shall receive one-half the penalty 'in lieu of an attorney fee.' Accordingly, claimant's attorney is awarded one-half of the penalty assessed by the Referee's order, in lieu of an attorney fee.

"We are mindful that the legislature has not repealed ORS 656.382(1), which authorizes the assessment of an attorney fee if a carrier refuses to pay compensation due under a Board order or otherwise unreasonably resists the payment of compensation. We decline to assess an attorney fee in this case, however, because the factual basis asserted in support of the fee — the employer's refusal to pay medical bills found compensable under an unappealed Board order — is identical to the factual basis for which a penalty is assessable under ORS 656.262(10)(a). Moreover, there are amounts 'then due' upon which to assess a penalty under ORS 656.262(10). Under such circumstances, the simultaneous assessment of an attorney fee under ORS 656.382(1) would contravene the legislative intent expressed in ORS 656.262(10)(a) that claimant's attorney receive one-half the penalty, 'in lieu of an attorney fee.' "

We agree with the Board's reasoning. We have reviewed the legislative history of the amendment to ORS 656.262 and, although the record is sparse, it does support that interpretation.[1] The phrase "in lieu of an attorney fee" and the deletion of the reference to ORS 656.382 indicate a legislative intent to limit attorney fees in these circumstances to one-half the penalty awarded under ORS 656.262(10). Claimant was not entitled to an additional award of attorney fees under ORS 656.382(1).

Affirmed.

---

[1] See Minutes, 1990 Joint Special Session, Committee on Workers' Compensation, May 4, 1990, pp 33-34.