Argued and submitted January 27, reversed on penalties and attorney fees;
otherwise affirmed September 9, 1992, petition for reconsideration denied
February 17, petition for review pending 1993
motion for reconsideration allowed by opinion February 17, 1993
See 118 Or App 261 (1993)

In the Matter of the Compensation of
Betty J. Smith-Sanders, Claimant.

MEIER & FRANK CO.
and May Department Stores Company,
*Petitioners,*

*v.*

Betty J. SMITH-SANDERS,
*Respondent.*

(89-18180; CA A69500)

836 P2d 1359

Jerald P. Keene, Portland, argued the cause for petitioners. With him on the brief was Roberts, Reinisch, MacKenzie, Healey & Wilson, P.C., Portland.

Glen H. Downs, Portland, argued the cause for respondent. With him on the brief were J. Michael Casey and Doblie & Associates, Portland.

Before Richardson, Presiding Judge, and Deits and Durham, Judges.

DEITS, J.

**DEITS, J.**

Employer seeks review of an order by the Workers' Compensation Board holding it responsible for medical expenses associated with claimant's non-compensable injury and assessing penalties and attorney fees. We reverse on the penalties and attorney fees. Otherwise, we affirm.

The Board accepted the referee's findings. Claimant suffered a compensable back injury in June, 1988. She had returned to her job by June, 1989, working part-time, when she allegedly injured her right knee, requiring surgery. Claimant sought authorization from employer for the surgery in July, 1989. Employer gave oral authorization to both claimant and her surgeon's office, and the surgery was performed on August 4. On December 12, 1989, employer denied compensability of the right knee condition and the surgery. The Board agreed with the referee's conclusion that the injury itself was not compensable. It also affirmed the referee's holding that employer was liable for the costs of the surgery but for different reasons:

> "We agree with the Referee that the underlying knee condition is not compensable. The Referee found the knee surgery compensable as diagnostic surgery because the employer had authorized the surgery. The Referee was apparently applying estoppel to the employer. We do not agree that the surgery is compensable as diagonstic [sic] surgery, but we agree that the employer is estopped from denying the surgery."

Employer contends that, because it never accepted the claim in writing and did not authorize the surgery, the Board's holding that it was estopped from denying responsibility for medical expenses associated with the surgery was in error.

■ We first conclude that there is substantial evidence in the record to support the Board's finding that employer orally authorized the surgery.[1] Claimant testified that she spoke with a person named "Linda Ross," representing employer,

---

[1] Employer argues that the Board did not clearly find that it authorized the surgery. However, the Board said in its findings: "The employer informed both claimant and her surgeon that it was authorizing the surgery."

who authorized the surgery. Also, records at Portland Orthopedic Clinic contain a file note stating:

"LINDA ROSS AT MAY COMPANY AUTHORIZED ARTHROSCOPY WITH MENISCECTOMY OF THE RIGHT KNEE ON 07-25-89, FOR BETTY SMITH-SANDERS."

Employer argues that, even if it did authorize the surgery, the Board erred in holding it responsible for expenses associated with the surgery. It points out that, under the Board's rules, an acceptance must be in writing. *See* ORS 656.262(6). Employer asserts that it did not authorize the surgery in writing and, in fact, issued a written denial in December. It argues that, because the statutes and rules provide the exclusive procedural scheme governing workers' compensation and because there is nothing in the statutes or rules allowing the Board to rely on an estoppel theory to hold an employer responsible for a claim, it cannot be held responsible for the surgery.

██ Employer is correct that, under the Board's rules, acceptance of a claim must be in writing. However, we do not agree that equitable estoppel can never be used to require the payment of benefits in a situation where the claim was not accepted in writing. Employer relies on *Stovall v. Sally Salmon Seafood*, 306 Or 25, 757 P2d 410 (1988), to support its argument that equitable estoppel is never available in workers' compensation cases. However, the holding in *Stovall* was more limited than employer asserts. There, the employer sought to *defeat* a claim by arguing that the claimant was estopped from making a claim because of misrepresentations on her employment application. The Supreme Court held that the doctrine of equitable estoppel could not be used to defeat a claim under those circumstances. The court reasoned that Oregon's workers' compensation scheme is to be construed liberally in favor of the worker:

"We conclude that public policy as expressed by the legislature weighs in favor of not defeating a claim for benefits by application of a doctrine not endorsed by the legislature. If false representations by a worker to obtain employment are to defeat a claim for benefits under the doctrine of equitable estoppel, we leave it to the legislature so to provide." 306 Or at 39.

The rationale of *Stovall* does not compel the conclusion that estoppel may not be applied in some circumstances to compel payment of benefits.

■ Employer argues, alternatively, that, even if equitable estoppel is available in workers' compensation cases, it was misapplied here. In *Stovall*, the court explained:

> " 'This doctrine of equitable estoppel or estoppel *in pais* is that a person may be precluded by his act or conduct, or silence when it was his duty to speak, *from asserting a right* which he otherwise would have had.' (Emphasis added.) *Marshall v. Wilson*, 175 Or 506, 518, 154 P2d 547 (1944). 'The doctrine of estoppel is only intended to protect those who materially change their position in reliance upon another's acts or representations.' *Bash v. Fir Grove Cemeteries, Co.*, 282 Or 677, 687, 581 P2d 75 (1978)." 306 Or at 34. (Footnote omitted.)

Here, employer's act of telling claimant and her doctor to proceed with the surgery caused claimant to change her position in reliance on employer's conduct. In view of the goal of construing the workers' compensation act liberally in favor of the worker, we hold that the Board did not err in applying equitable estoppel in these circumstances to require employer to pay claimant's expenses of surgery.[2]

■ Employer also assigns as error the Board's award of penalties and attorney fees. An unreasonable delay or refusal to accept or deny a claim or pay compensation may result in penalties and attorney fees. ORS 656.262(10).[3] Employer contends that it acted in a timely manner in denying the surgery and that its denial was reasonable. The Board determined that employer acted unreasonably when it first authorized claimant's surgery, then denied payment.

---

[2] The Board did not hold that employer was estopped from denying the compensability of claimant's knee condition.

[3] At the relevant time, ORS 656.262(10) provided:

> "If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due plus any attorney fees which may be assessed under ORS 656.382."

The statute has since been amended. Or Laws 1990, ch 2, § 15.

■■ However, medical expenses are not considered "compensation" pending acceptance or denial of a claim. ORS 656.262(6). Therefore, an employer's failure to pay or delay in paying medical benefits before it has accepted or denied a condition cannot support an award of penalties. *Eastmoreland Hospital v. Reeves*, 94 Or App 698, 702, 767 P2d 97 (1989). Claimant's condition had not been properly accepted or denied at the time of surgery; therefore, her surgery expenses were not compensation under 656.262(10). The Board improperly assessed a penalty on that basis. Furthermore, because medical expenses are not compensation, the Board also was precluded from awarding claimant attorney fees under ORS 656.382(1), which requires that the employer unreasonably resist the payment of compensation.[4]

Reversed on penalties and attorney fees; otherwise affirmed.

---

[4] ORS 656.382(1) provides:

"If an insurer or self-insured employer refuses to pay compensation due under an order of a referee, board of court, or otherwise unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee as provided in subsection (2) of this section. To the extent an employer has caused the insurer to be charged such fees, such employer may be charged with those fees."