Argued and submitted May 15, 1992, reversed and remanded for reconsideration
January 20, 1993

In the Matter of the Complying Status of
Swift & McCormick
Metal Processors Association, Inc.,
and
In the Matter of the Compensation of
William L. Durbin, Claimant.

SWIFT & McCORMICK
METAL PROCESSORS ASSOCIATION, INC.,
*Petitioner,*

*v.*

William L. DURBIN
and SAIF Corporation,
*Respondents.*

(90-15703, 90-12311; CA A70594)

845 P2d 931

Denise S. Frisbee, Redmond, argued the cause for petitioner. With her on the brief were Craig P. Emerson and Bryant, Emerson & Fitch, Redmond.

Julie K. Bolt, Special Assistant Attorney General, Salem, argued the cause for respondent SAIF Corporation. With her on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

No appearance for respondent William L. Durbin.

Before Richardson, Chief Judge, and Deits and Durham, Judges.

DEITS, J.

## DEITS, J.

Employer seeks review of a Department of Insurance and Finance (DIF) order[1] holding that it was a noncomplying employer from January 1 to March 31, 1990. ORS 656.740(4). We reverse and remand.

Employer had workers' compensation insurance coverage with SAIF beginning January 18, 1989. On November 3, 1989, SAIF sent employer notice that coverage would be cancelled effective December 31, 1989. Employer began looking for other coverage. In late December, SAIF sent employer a payroll report form for the quarterly period ending December 31. That report mistakenly showed that the policy period ran from January 18, 1989, to March 31, 1990. Because of that, employer stopped looking for other insurance and returned the report to SAIF in January with the required payment. Nonetheless, SAIF canceled employer's coverage, effective December 31, pursuant to its earlier notice. Employer obtained coverage through the Assigned Risk Pool, effective March 16, 1990. However, it had no coverage from January 1 to March 15. On March 9, one of its employees was injured on the job. DIF issued an order holding that employer was a subject and noncomplying employer for the period in question and that SAIF was not estopped from denying coverage. Employer seeks review of DIF's order.

The order set out the elements of equitable estoppel as

"(1) a false representation; (2) made with knowledge of the facts; (3) where the other party is ignorant of the truth; (4) made with the intention that the other party will rely upon it; and (5) the other party must be induced to act upon the false representation."

DIF concluded that

"SAIF's payroll report form falsely represented that the policy was in effect until March 31, 1990. That false representation was made by SAIF with the knowledge that it was, in fact, canceling coverage at midnight December 31, 1989.

---

[1] Because this case involves only employer's status as a noncomplying employer, claimant's right to compensation is not at issue, and he made no appearance below.

> The employer was induced to act upon the false representation and delayed obtaining other coverage."

DIF held, nonetheless, that SAIF was not estopped from denying coverage, because employer failed to prove either that it did not know that coverage was canceled as of December 31 or that SAIF intended that employer rely on the policy dates in the payroll report:

> "The employer, however, has failed to establish the remaining elements necessary to invoke the doctrine of equitable estoppel. The evidence will not support a finding by a preponderance that the employer was ignorant of the truth. SAIF did not intend that the employer rely upon the policy dates given in the payroll report form.

> "The employer also argues that SAIF should be estopped to deny coverage because it did not refund the employer's premium deposit until April 4, 1990. The employer did not, in fact, rely on that action. Instead, the owners of the business decided not to obtain insurance because of their mistaken belief that their policy period continued through March 31, 1990."

■     Employer first argues that DIF's finding that it was not ignorant of the truth is not supported by substantial evidence and is inconsistent with other findings in DIF's order. Specifically, employer points to the finding that it had a mistaken belief that the policy period extended through March 31, 1990. We agree that the findings are inconsistent. If, in fact, employer believed that the policy period extended to March 31, it was ignorant of the truth. SAIF argues that the findings are not inconsistent, because what DIF really meant was that employer's belief that its coverage was extended was unreasonable. However, that is not what the order says.

■     Employer also argues that DIF erred as a matter of law in setting out the elements of equitable estoppel. In particular, employer argues that proof of intent to mislead is not a prerequisite to estoppel. Affirmative misconduct is not a prerequisite to the application of equitable estoppel. Rather, the doctrine may be applied when conduct is "misleading," even if it is innocent. In *Pilgrim Turkey Packers v. Dept. of Rev.*, 261 Or 305, 310, 493 P2d 1372 (1972), the court applied equitable estoppel when the agency's action was not intended

to be misleading, but was ambiguous enough to mislead a reasonable person. *See Employment Div. v. Western Graphics Corp.*, 76 Or App 608, 614, 710 P2d 788 (1985). DIF applied the wrong standard. *See Meier & Frank Co. v. Smith-Sanders*, 115 Or App 159, 163, 836 P2d 1359 (1992).

Reversed and remanded for reconsideration.