In the Matter of the Compensation of
Charles E. Condon, Claimant.

## SAIF CORPORATION
and Gilchrist Timber Company,
*Petitioners,*

*v.*

Charles E. CONDON,
*Respondent.*

(91-00585; CA A74780)

850 P2d 382

Steve Cotton, Special Assistant Attorney General, Salem, argued the cause for petitioners. With him on the brief were Charles S. Crookham, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Geoffrey G. Wren, Portland, argued the cause for respondent. With him on the brief was Royce, Swanson & Thomas, Portland.

Before Warren, Presiding Judge, and Riggs and Edmonds, Judges.

RIGGS, J.

**RIGGS, J.**

SAIF seeks judicial review of a Workers' Compensation Board order awarding attorney's fees under ORS 656.382(1). We reverse.

On November 30, 1989, claimant began treatment for depression resulting from a compensable injury to his lower back. SAIF was notified of the treatment on December 21, 1989. However, SAIF did not issue an acceptance within 90 days of notification. In an August 13, 1990, telephone conversation, SAIF advised claimant's psychiatrist that psychiatric treatment was a part of the accepted low back claim. SAIF paid all the bills for that treatment.

Claimant requested a hearing, which convened on April 1, 1991. On that date, SAIF accepted the claim, which was more than a year late. The referee held that the acceptance rendered the issue of compensability moot and refused to award any insurer-paid penalties or attorney fees. On appeal, the Board affirmed in part and reversed in part the referee's order and awarded claimant an insurer-paid attorney fee of $1700 under ORS 656.386(1)[1] and $300 under ORS 656.382(1).

SAIF assigns error only to the award of attorney fees under ORS 656.382(1).

"If an insurer or self-insured employer * * * unreasonably resists the payment of compensation, the employer or insurer shall pay to the claimant or the attorney of the claimant a reasonable attorney fee * * *."

An insurer cannot unreasonably resist the payment of compensation that has been paid. *Aetna Casualty Co. v. Jackson*, 108 Or App 253, 257, 815 P2d 713 (1991). The award of attorney fees pursuant to ORS 656.382(1) was wrong as a matter of law.

Reversed.

---

[1] ORS 656.386(1) permits recovery of penalties and attorney fees "[i]f an attorney is instrumental in obtaining compensation for a claimant and a hearing by the referee is not held."