Argued and submitted August 6, 2003, affirmed March 24, 2004

In the Matter of the Compensation of
Rebecca L. Wolfe, Claimant.

TRI-MET, INC.,
*Petitioner,*

*v.*

Rebecca L. WOLFE,
*Respondent.*

01-01278; A117374

86 P3d 111

Thaddeus J. Hettle argued the cause for petitioner. With him on the brief were James W. Moller and Hettle & Associates.

Ernest M. Jenks argued the cause and filed the brief for respondent.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

ARMSTRONG, J.

Landau, P. J., dissenting.

## ARMSTRONG, J.

Employer seeks review of an order of the Workers' Compensation Board (board), contending that the board erred in awarding claimant insurer-paid attorney fees pursuant to ORS 656.382(1). We affirm.

The facts are undisputed. Employer delayed its acceptance of claimant's work-related arm injury beyond the 90 days authorized by statute for acceptance or denial of a claim, ORS 656.262(6)(a).[1] Claimant requested a hearing, asserting a *de facto* denial and seeking penalties and attorney fees. Employer accepted the claim several days later. By that time, claimant had incurred medical bills for which payment was due within 14 days of acceptance. OAR 436-009-0030(4).[2] Because of a processing error, the bills were not paid until a week before the hearing, a period of three months. The parties stipulated at the hearing that the claim had not been timely accepted and that the medical bills had been paid late. The administrative law judge (ALJ) assessed a penalty for employer's late payment of claimant's medical bills, pursuant to ORS 656.262(11)(a). He further found that, in light of the medical record, employer's belated acceptance of the claim had been unreasonable and that, in light of the existence of outstanding medical bills, the delay was an unreasonable *resistance* to the payment of compensation. The ALJ assessed attorney fees pursuant to ORS 656.382(1). The board affirmed.

On review, employer does not challenge the penalty based on the late payment of medical bills. It contends only that the board erred in awarding claimant attorney fees, asserting that, because there were no amounts due at the

---

[1] At the relevant time ORS 656.262(6)(a) provided, in part:

"Written notice of acceptance or denial of the claim shall be furnished to the claimant by the insurer or self-insured employer within 90 days after the employer has notice or knowledge of the claim."

The statute was amended by the legislature in 2001, shortening the period to 60 days. Or Laws 2001, ch 865, § 7. The 90-day period is applicable to this case.

[2] OAR 436-009-0030(4) provides, in part:

"Payment of medical bills is required within 14 days of any action causing the service to be payable, or within 45 days of the insurer's receipt of the bill, whichever is later."

time of its delayed acceptance of the claim, that delayed acceptance cannot constitute an unreasonable resistance to payment of compensation.

■  ORS 656.262(11)(a) provides, in part:

"If the insurer or self-insured employer unreasonably delays or unreasonably refuses to pay compensation, or unreasonably delays acceptance or denial of a claim, the insurer or self-insured employer shall be liable for an additional amount up to 25 percent of the amounts then due. * * * If the worker is represented by an attorney, the worker shall be paid one-half the additional amount and the worker's attorney shall receive one-half the additional amount in lieu of an attorney fee."

The penalty described in ORS 656.262(11)(a) is assessed on "amounts then due." Because the penalty is "in lieu of an attorney fee," an insurer may not be assessed both a penalty under ORS 656.262(11)(a) and attorney fees under ORS 656.382(1) for a single act of misconduct. *See SAIF v. Allen,* 320 Or 192, 881 P2d 773 (1994); *Martinez v. Dallas Nursing Home,* 114 Or App 453, 836 P2d 147, *rev den,* 315 Or 271 (1992).

Here, as the board noted, a penalty was assessed for employer's untimely payment of medical bills, so attorney fees cannot also be assessed for that conduct. In employer's view, because the existence of the unpaid medical bills provided the justification for the board's conclusion that employer had "resisted" payment of compensation, the board's assessment of attorney fees is merely a disguised second penalty for the belated payment of medical bills. We disagree.

As employer has pointed out, the outstanding medical bills were not "due" at the time that employer belatedly accepted the claim. The bills did not become payable until employer accepted the claim, and payment was required within 14 days of acceptance. However, for the reasons explained below, we agree with the board that the existence of the outstanding bills could nonetheless provide a factual basis for the board's determination that the belated acceptance of the claim was an unreasonable resistance to the payment of compensation.

■       ORS 656.382(1) provides, in part:

> "If an insurer or self-insured employer refuses to pay
> compensation due under an order of an Administrative Law
> Judge, board or court, *or otherwise unreasonably resists the
> payment of compensation,* except as provided in ORS
> 656.385, the employer or insurer shall pay to the claimant
> or the attorney of the claimant a reasonable attorney fee as
> provided in subsection (2) of this section."

(Emphasis added.) A claimant is entitled to an insurer-
paid attorney fee under ORS 656.382(1) when the insurer
(1) refuses to pay compensation due under an order of an
ALJ, board, or court, or (2) "otherwise unreasonably resists
payment of compensation."

This case does not involve the first category, because
there has been no refusal to pay compensation due under an
order and, as we have noted, no compensation was "due" at
the time of the belated acceptance. Rather, the issue is
whether the board erred in concluding that employer's late
acceptance of the claim was an unreasonable resistance to
the payment of compensation. *See Boehr v. Mid-Willamette
Valley Food,* 109 Or App 292, 818 P2d 1297 (1991). That, in
turn, depends on whether the board correctly concluded that
the phrase "resists the payment of compensation" in ORS
656.382(1) encompasses a delay in the acceptance of a claim
when, as here, there are medical bills outstanding but no
compensation is "due" at the time of the late acceptance.

The phrase "resists the payment of compensation" is
inexact, so we attempt to discern its meaning as a matter of
law. *See Coast Security Mortgage Corp. v. Real Estate Agency,*
331 Or 348, 353, 15 P3d 29 (2000); *Springfield Education
Assn. v. School Dist.,* 290 Or 217, 227, 621 P2d 547 (1980)
(discussing "exact," "inexact," and "delegative" terms used in
statutes). In examining the text of ORS 656.382(1), we see
that, in contrast with the first category for an award of attor-
ney fees (nonpayment of "compensation due"), an award of
attorney fees under the second category is not dependent on
compensation being due or on a nonpayment of compensa-
tion. The statute requires only a "resistance" to the payment

of compensation. The commonly understood meaning of the word "resists" is "to exert oneself to counteract or defeat : strive against : oppose[.]" *Webster's Third New Int'l Dictionary* 1932 (unabridged ed 1993). One can strive against or counteract payment of compensation by manipulating the processing of a claim so as to delay its due date. *See, e.g., Ellis v. McCall Insulation,* 308 Or 74, 78, 775 P2d 316 (1989) (failure to deny claim for medical bills unrelated to compensable injury); *see also Morgan v. Stimson Lumber Company,* 288 Or 595, 604, 607 P2d 150 (1980) (delay in providing discovery will tend to *obstruct or delay* a proper disposition and payment of a claim); *Aetna Casualty Co. v. Jackson,* 108 Or App 253, 257, 815 P2d 713 (1991) (failure to provide discovery can *interfere with* the payment of compensation); *Eastmoreland Hospital v. Reeves,* 94 Or App 698, 703, 767 P2d 97 (1989) (unreasonable delay in furnishing medical records). The question is whether a delay in the acceptance of a claim can be viewed as resistance to the payment of compensation when the compensation is payment for medical bills that are not yet due.

Our opinion in *Meier & Frank Co. v. Smith-Sanders,* 115 Or App 159, 836 P2d 1359 (1992), *modified on recons,* 118 Or App 261, 846 P2d 1194, *rev den,* 316 Or 142 (1993), involved a similar situation. There, the claimant sought attorney fees under ORS 656.382(1) based on the employer's delay in accepting or denying his claim and failing to pay for his surgery pending acceptance or denial of the claim. The claim was ultimately determined not to be compensable. We held that, because medical expenses are not considered to be "compensation" pending acceptance or denial of a claim, *see* ORS 656.262(6), the failure to pay medical bills pending acceptance or denial of a claim was not an unreasonable resistance to payment of compensation.

Because the claim in *Meier & Frank Co.* was ultimately held not to be compensable, our holding in that case was correct. The delayed processing of a noncompensable claim cannot be an unreasonable resistance to payment of

compensation. However, we depart from our analysis in *Meier & Frank Co.* to the extent that it suggests that, when only medical bills are outstanding, a delay in the processing of a compensable claim can never be an unreasonable resistance to the payment of compensation. The fact that medical bills are not "compensation" pending acceptance or denial of a claim does not preclude the board's reliance on the existence of outstanding medical bills as a justification for the conclusion that an employer's belated acceptance of a claim is an unreasonable resistance to payment of compensation. The bills become compensation once the claim is accepted. For that reason, a delayed acceptance of a claim can indeed delay the payment of compensation by delaying its due date. The facts of this case provide an illustration: If employer had accepted the claim within the 90-day period authorized by statute, employer would have been required to pay claimant's medical bills no later than the one hundred fourth day after the claim was filed. Employer's belated acceptance of the claim delayed the due date for payment of the medical bills by the number of days beyond the 90-day deadline that it took to accept the claim.[3]

We conclude that resistance to the payment of compensation encompasses conduct that unreasonably delays the processing of a claim and thereby postpones, "counteracts," or "strives against" the payment of compensation, and that the term "resists" does not require that compensation be due at the time of the misconduct. The board therefore correctly interpreted ORS 656.382(1) to permit an award of attorney fees for an unreasonable delay in the processing of a claim when there were medical bills outstanding.

Affirmed.

---

[3] The dissent takes us to task for "ignor[ing] the board's finding" that the cause of the delay in payment of benefits was a processing error and not the delayed acceptance of the claim. 192 Or App at 566. We have not ignored the board's finding. It simply is not relevant to our conclusion that the delay in acceptance was an unreasonable resistance to payment of compensation. Contrary to the dissent's view, the actual cause of the delay in payment of compensation does not bear on whether the delayed acceptance of the claim was a resistance to payment of compensation. The late acceptance in and of itself was resistance because it unreasonably delayed the processing of the claim, not because the late acceptance in fact caused a delay in the payment of compensation.

**LANDAU, P. J.,** dissenting.

I disagree with the majority's conclusion that an award of attorney fees under ORS 656.382(1) was proper. In my view, on the record before us, employer's delay in acceptance of the claim was not "unreasonable resistance to compensation" within the meaning of that statute. The undisputed evidence in this case is that any delay in the payment of compensation was a function of a processing error and had nothing to do with the timing of the acceptance.

The facts are straightforward and uncontested. Claimant filed a claim for an injured arm. Employer did not accept or deny the claim within 90 days as was required by ORS 656.262(6)(a) (1999). Meanwhile, claimant sought treatment and submitted a total of $1,304.23 in medical bills. Employer eventually accepted the claim, but, as the Workers' Compensation Board (board) found, "[d]ue to an error by the processing agent's billing service, these bills were not paid" until much later than they should have been paid. The bills had been returned from an audit to the claims examiner's office marked "paid" when they had not been paid.

Thus, there were two delays: One, the delay in acceptance and, the other, the delay in payment of the medical bills. The board penalized employer under ORS 656.262(11)(a) for an unreasonable delay in the payment of compensation, based on the untimely payment of the medical bills. It then also awarded claimant attorney fees under ORS 656.382(1) for "unreasonable resistance to the payment of compensation," based on the untimely acceptance at a time when there were outstanding medical bills. Employer does not challenge the imposition of the former penalty. It challenges only the imposition of attorney fees. Thus, the issue before us is whether a delay in *acceptance* of a claim constitutes "unreasonabl[e] resist[ance to] the payment of compensation" within the meaning of ORS 656.382(1).

Delaying acceptance, *by itself*, is not resisting compensation. "Compensation" is a term of art that refers to the payment of benefits. ORS 656.005(8). An employer may untimely accept a claim and still timely pay benefits. An employer, for example, may untimely accept a claim when there are no outstanding medical bills and, when the bills are

submitted, timely pay them. In such a case, the untimely acceptance cannot provide a basis for awarding attorney fees under ORS 656.382(1). That much appears undisputed.

In this case, however, we are confronted with an employer that did not merely untimely accept. At the time that it untimely accepted, there were outstanding medical bills. Does the mere existence of outstanding medical bills at the time of an untimely acceptance mean that there will be untimely payment of those bills? I think not. At the time this claim was made, an employer had 90 days from the notice of the claim to accept or deny. ORS 656.262(6)(a) (1999). Meanwhile, the deadline for paying medical bills is 45 days from receipt of the bill or 14 days after acceptance, *whichever is later*. OAR 436-009-0030(4). Thus, the medical bills pending acceptance or denial of a claim are not "compensation" within the meaning of the workers' compensation statutes. It follows that an employer's untimely acceptance when there are outstanding medical bills does not amount to "resist[ing]" compensation. At the time of the untimely acceptance, there was no "compensation" for the employer to resist paying.

That is precisely what we said in *Meier & Frank Co. v. Smith-Sanders*, 115 Or App 159, 836 P2d 1359 (1992), *modified on recons*, 118 Or App 261, 846 P2d 1194, *rev den*, 316 Or 142 (1993). In that case, we held that an untimely acceptance cannot serve as the basis for an award of attorney fees under ORS 656.382(1) merely because there were outstanding medical bills at the time of acceptance. We reasoned that, because those medical expenses were not due until acceptance, they are not considered "compensation." Thus, the delay in acceptance is not resistance to the payment of compensation because, until the time of acceptance, there is no compensation to resist. *Id.* at 164.

In this case, there is no dispute that employer accepted the claim eight days late. There is also no dispute that, until the time of acceptance, the outstanding medical bills were not "compensation" within the meaning of the workers' compensation statutes. As a result, under *Meier & Frank Co.*, the delay in acceptance cannot support an award of attorney fees for unreasonably resisting the payment of

compensation merely because there were, at the time, outstanding medical bills.

The majority concludes that attorney fees in this case were appropriately awarded. 192 Or App at 562. According to the majority, it does not matter that there was no compensation due at the time of acceptance. *Id.* at 561-62. If there were medical bills outstanding at the time of acceptance, an untimely acceptance can constitute "unreasonabl[e] resist[ance] to the payment of compensation," because the untimely acceptance can have the effect of delaying the payment of the medical bills. *Id.*

I put aside what I regard as the odd suggestion that an act can constitute "resistance" to the payment of compensation when, at the time of the act, there is no compensation to resist paying. Suffice it to say that *Meier & Frank Co.* is directly to the contrary. Even assuming that the majority is correct in that regard, the conclusion that it reaches does not follow from its premise.

That a delay in acceptance *can* cause a delay in payment of compensation and, thus, constitute "unreasonabl[e] resist[ance] to the payment of compensation," does not mean that it *always* will do so. In fact, it is easy to imagine cases in which an untimely acceptance, even when there are outstanding medical bills at the time, would not constitute an unreasonable resistance to the payment of compensation. For example, if an employer receives notice of a claim on June 1, it will have 90 days—until August 29—to accept the claim. And, assuming that it received the medical bills on the same date, the employer will have up to 14 additional days—until September 13—to pay the bills. An employer could untimely accept on August 30 and still timely pay the bills on August 31. In such a case, the employer would have untimely accepted, but the timing of the acceptance would not have caused a delay in the payment of compensation. In other words, although it untimely accepted, it in no way "unreasonably resist[ed] the payment of compensation" within the meaning of ORS 656.382(1).

Thus, even if the majority is correct in asserting that a delay in acceptance *can* cause a delay in payment of benefits and thus constitute unreasonable resistance to the payment of compensation, the fact remains that whether such a

delay in acceptance actually did so will depend on the facts of each case.

In this case, it is undisputed that the only reason that claimant's medical bills were not timely paid was that they were returned to the claims examiner's office from an auditing process marked "paid" when, in fact, they had not been paid. The board expressly found that the delay in payment of benefits was "[d]ue to an error by the processing agent's billing service." Thus, there is no evidence that the timing of the acceptance had anything to do with the timing of the payment of compensation. In such a case, the board's award of attorney fees under ORS 656.382(1) was erroneous.

The majority ignores the board's finding and insists that the facts of this case constitute an example of how a delay in acceptance may also constitute resistance to the payment of compensation. According to the majority, if employer had accepted within the 90 days permitted by the statute, it would have been required to pay claimant's medical bills 14 days later. 192 Or App at 562. Because employer paid those bills long after the 14-day deadline, its acceptance delayed the payment of compensation. *Id.*

The majority's argument, however, consists of no more than question begging. It assumes the very matter in contention, that is, whether *in fact* the delay in acceptance caused the delay in payment of compensation. As I have noted, the only finding on that point is that the delay in payment of compensation was a result of a processing error, not of the late acceptance of the claim. The majority ignores that finding. The majority insists that whether the delay in acceptance actually delayed payment is irrelevant because it delayed "processing." 192 Or App at 562 n 3. Again, the majority assumes that to be the case. There is no finding or evidence that that is so.

I respectfully dissent.